## CURTIS v. HARRIS, DAVIS & CO.

(Circuit Court of Appeals, Fifth Circuit. April 12, 1921.)

### No. 3628.

1. **Courts ⏅328(9)—Amount due on guaranty, with interest and attorney's fees, held sufficient to give jurisdiction.**

   In an action on a guaranty, where the complaint alleged that there was due thereon $2,972.97, with interest and an attorney's fee of 10 per cent., a contention that the matter in controversy does not amount to $3,000 was frivolous, in the absence of any indication of lack of good faith in claiming the amount sought to be recovered.

2. **Evidence ⏅215(3)—Correspondence between creditor and guarantor, showing acquiescence by latter, held admissible.**

   In an action against the guarantor of an account for goods sold, correspondence between the plaintiff and defendant with reference to the sales, part of which tended to prove acquiescence by defendant in the amount of plaintiff's claim, showed express and implied admissions by defendant, which were provable against him.

In Error to the District Court of the United States for the Northern District of Alabama; William I. Grubb, Judge.

Action by Harris, Davis & Co. against John S. Curtis. Judgment for the plaintiff, and defendant brings error. Affirmed.

J. M. Pennington, of Jasper, Ala., for plaintiff in error.

Irving M. Engel, of Birmingham, Ala., for defendant in error.

Before WALKER, BRYAN, and KING, Circuit Judges.

WALKER, Circuit Judge. This was an action by the defendant in error, a Tennessee corporation (herein referred to as the plaintiff), against the plaintiff in error, a resident and citizen of Alabama (herein referred to as the defendant), for the recovery of $2,972.97, with interest thereon, and an attorney's fee of 10 per cent. The complaint alleged that the plaintiff sold and delivered to J. L. Corbin goods amounting in the aggregate to $2,972.97, that that amount was past due and unpaid, and that the goods mentioned were sold and delivered by the plaintiff in reliance upon a written instrument made and signed by the defendant, of which the following is a copy:

"Harris, Davis & Company, Inc., Nashville, Tenn.—Gentlemen: Please sell and deliver to J. L. Corbin, on your usual credit terms, such goods, wares and merchandise as he from time to time may select, and in consideration thereof I hereby guarantee and hold myself personally responsible for the payment at maturity of the purchase price of all such goods, wares and merchandise so sold and delivered, whether evidenced by open account or note. I

---

⏅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

hereby waive notice of acceptance hereof, amount of sales, dates of shipment or delivery, and notice of default in payment. In case suit is brought I agree to the payment of a reasonable attorney's fee of 10 per cent. and all costs of collection.

"This is intended to be a continuing guarantee, applying to all sales made by you to J. L. Corbin from this date until the same is revoked by me in writing.

"Witness my hand and seal this 18th day of January, 1918.

"[Signed]	John S. Curtis."

[1] The suggestion made by a plea, a demurrer to which was sustained, that the matter in controversy does not amount to $3,000, was frivolous, as the claim made by the complaint was for more than $3,000, and there was nothing to indicate a lack of good faith in claiming the amount sought to be recovered.

[2] Over the defendant's objection the court admitted in evidence a correspondence, consisting of letters written by the defendant to the plaintiff and by the plaintiff to the defendant, with reference to sales of goods by the plaintiff to Corbin. Part of that correspondence tended to prove that the defendant, when informed of the plaintiff's claim and of the amount of it, acquiesced therein. That correspondence showed express and implied admissions by the defendant, which were provable against him in this suit.

There was evidence to support a verdict in favor of the plaintiff, and the court did not err in refusing to charge the jury to find in favor of the defendant.

The judgment is affirmed.