**PREFERRED ACCIDENT INSURANCE COMPANY, Plaintiff,**

v.

**G. E. DRODDY and Texas Employers' Insurance Association, Defendants.**

Civ. A. No. 6048.

United States District Court, S. D. Texas, Houston Division.

March 4, 1955.

Will G. Knox, Board of Insurance Commissioners, Austin, Tex., for plaintiff Preferred Accident Ins. Co.

Allen, Neal, Allen & Cannon, Houston, Tex., for defendant G. E. Droddy.

Morris, Underwood & Oldham, Houston, Tex., for defendant Texas Employers' Ins. Ass'n.

INGRAHAM, District Judge.

This suit is now before the court on the motion of the defendant Texas Employers' Insurance Association to dismiss for want of jurisdiction. The suit was filed in 1951 by plaintiff, Preferred Accident Insurance Company, a corporation of the State of New York, against the defendants, G. E. Droddy, a citizen of the State of Texas, and Texas Employers' Insurance Association, a corporation of the State of Texas, to set aside and hold for naught a final ruling and decision of the Industrial Accident Board of Texas. The suit was brought under the Texas Employers Liability and Workmen's Compensation Insurance Law and was filed in this court on the basis of diversity of citizenship between plaintiff and defendants. The defendant Texas Employers' Insurance Association has now filed its motion to dismiss for want of jurisdiction, stating as grounds therefor that the burden of proof rests upon the defendant Droddy as claimant of the compensation to prosecute his claim to final judgment by trial de novo; that the parties should be realigned so as to truly reflect their real interest, and upon such realignment the defendant Droddy, a citizen of Texas, becomes the plaintiff, and defendant Texas Employers' Insurance Association, a citizen of Texas, is defendant along with Preferred Accident Insurance Company; and that plaintiff Preferred Accident Insurance Company, has been wholly liquidated and dissolved by order of the courts of New York and no longer exists as a legal entity, leaving only citizens of Texas as parties to the litigation.

The court, having acquired jurisdiction at the time suit was filed, will retain jurisdiction. See Wichita Railroad & Light Company v. Public Utilities Commission of the State of Kansas, 260 U.S. 48, 43 S.Ct. 51, 67 L.Ed. 124, and cases cited therein. This principle of law was early established and remains the law.

"It is quite clear, that the jurisdiction of the court depends upon the state of things at the time of the action brought, and that after vesting, it cannot be ousted by subsequent events." Mullan v. Torrance, 9 Wheat. 537, 6 L.Ed. 154.

"The parties to the original bill were citizens of different States, and the jurisdiction of the court completely attached to the controversy; having so attached, it could not be devested by any subsequent events, and the court had a rightful authority to proceed to a final determination of it. If, after the commencement of the suit, the original plaintiff had removed into and become a citizen of Rhode Island, the jurisdiction over the cause would not have been devested by such change of domicile. So it was held by this court in Morgan's Heirs v. Morgan, 2 Wheat. 290, 297 [4 L. Ed. 242]; Mo[u]llan v. Torrance, 9 Wheat. 537 [6 L.Ed. 154]; and Dunn v. Clarke, 8 Pet. 1 [8 L.Ed. 845]." Clarke, Administrator, v. Mathewson, 12 Pet. 164, 9 L.Ed. 1041.

To grant the motion would be to deny the claimant Droddy of his right to trial as time for filing in the state court has long since expired.

The motion to dismiss for want of jurisdiction will be denied and overruled. Clerk will notify counsel. Appropriate order should be drawn and presented.