Ferne Hewitt UNDERWOOD, Independent Executrix of the Estate of Thomas E. Hewitt, Deceased, Plaintiff,

v.

CONTINENTAL ASSURANCE COMPANY, Defendant and Third-party Plaintiff,

Ferne Hewitt UNDERWOOD and husband, John Underwood, Mrs. Abbie Wood and husband, Payne Wood, and Debby Hewitt and Tommy Hewitt, minors, Third-party Defendants.

Civ. A. No. 9685.

United States District Court
S. D. Texas, Houston Division.
June 13, 1956.

F. Warren Hicks, Houston, Tex., for plaintiff.

Vinson, Elkins, Weems & Searls, B. Jeff Crane, Jr., and Sam W. Davis, Jr., Houston, Tex., for defendant and third-party plaintiff.

Arthur P. Duggan, Jr., Littlefield, Tex., Sam Aldridge, Farwell, Tex., and James T. Wright, Houston, Tex., for third-party defendants Mrs. Abbie Wood and husband, Payne Wood, and Debby Hewitt and Tommy Hewitt, minors.

INGRAHAM, District Judge.

Suit was originally filed by Ferne Hewitt Underwood, Independent Executrix of the Estate of Thomas E. Hewitt, deceased, plaintiff, versus Continental Assurance Company, defendant, for the proceeds of an insurance contract upon the life of Thomas E. Hewitt, now deceased. The defendant Continental Assurance Company applied for leave to file cross-complaint in the nature of a bill of interpleader, which was filed with leave of court, and Continental deposited therewith in the registry of the court the sum of $3,185.67. The cross-complaint, in the nature of a bill of interpleader, impleaded as third-party defendants Abbie Wood and husband, Payne Wood, and Debby Hewitt and Tommy Hewitt, minors, as possible claimants to the proceeds of the insurance. Thereafter Continental filed a supplementary cross-complaint in the nature of a bill of interpleader, with leave of court, with which it deposited in the registry of the court the additional sum of $308. The third-party defendants duly answered and cross-acted, setting up their claim to the proceeds of the insurance.

The case is now before the court upon the motions of third-party defendants in which they have moved to dismiss for want of jurisdiction and alternately for change of venue to the United States District Court for the Northern District of Texas, Lubbock Division, under the provisions of Title 28, § 1404(a), United States Code. The motions are resisted by the original plaintiff. Continental does not resist the motions except to say

that it would be inconvenient to travel to Lubbock.

■■ We will first consider, in its logical order, the motion to dismiss for want of jurisdiction. The suit was originally filed by Ferne Hewitt Underwood, Independent Executrix of the Estate of Thomas E. Hewitt, plaintiff, versus Continental Assurance Company, defendant, for the proceeds of a policy of insurance upon the life of Thomas H. Hewitt, now deceased, in the amount of $3,000, together with attorney's fees in the amount of $1,000. The original plaintiff had a right to file and maintain her suit. There was diversity of citizenship between plaintiff, a citizen of Texas, and defendant, a corporation of Illinois. The amount involved in the original suit was sufficient to maintain federal court jurisdiction. The amount in controversy must exceed $3,000, exclusive of interest and costs. Title 28, § 1332, United States Code. Claimed attorney's fee may be considered in determining whether amount involved is sufficient to sustain original jurisdiction of federal court. Rogers v. Riley, C.C.Ky.1896, 80 F. 759; Continental Casualty Co. v. Spradlin, 4 Cir., 1909, 170 F. 322, 95 C.C.A. 112; Howard v. Carroll, D.C.Md.1912, 195 F. 646; Springstead v. Crawfordsville State Bank, Fla.1913, 231 U.S. 541, 34 S.Ct. 195, 58 L.Ed. 354; Nathan v. Rock Springs Distilling Co., 6 Cir., 1926, 10 F.2d 268. In a diversity action on a guaranty, where the complaint alleged that there was due thereon $2,972.97, with interest and an attorney's fee of ten percent, a contention that the matter in controversy does not amount to $3,000 was frivolous, in the absence of any indication of lack of good faith in claiming the amount sought to be recovered. Curtis v. Harris, Davis & Co., 5 Cir., 1921, 272 F. 265.

■ The court, having acquired jurisdiction at the time suit was filed, will retain jurisdiction. Cited is Preferred Accident Insurance Co. v. Droddy, D.C., 129 F.Supp. 486, and the cases cited therein.

In support of the alternate motion for change of venue is the affidavit of Sam Aldridge, attorney of record for third-party defendants, to the effect that the residence of all parties to the suit is Littlefield, Lamb County, Texas, in the Lubbock Division of the United States District Court for the Northern District of Texas. Affiant goes on to say that Littlefield "is almost a thousand miles from the court where this case is filed," which is a considerable exaggeration but will be overlooked, considering that affiant is a true Texan. He concludes with the statement that to try this case in Houston would necessitate all of the claimants traveling from Lamb County to Houston, and, insofar as affiant knows, all witnesses reside in Lamb County. The pleadings reflect that all parties, except Continental, reside in Lamb County.

Title 28, § 1404(a), provides:

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

The suit "might have been brought" against the insurance company defendant in the Lubbock Division of the Northern District of Texas under the provisions of Title 28, § 1391(a), because plaintiff resides there and the foreign insurance company defendant, doing business in the state, is subject to process and venue there.

■ It is my opinion that the instant case presents the sort of situation contemplated by Section 1404(a). Its prime objective is to provide a convenient forum for litigation. Quest for such a forum should not be made so cumbersome, technical, expensive and confusing that this objective is defeated. Continental is not an active litigant. Its position in the suit is that of a stakeholder who is no longer a stakeholder as it has paid the money into the registry of the court. All other parties reside in Lamb County in the Lubbock Division of the Northern District of Texas, and according to the

638

affidavit referred to, all witnesses, insofar as affiant knows, reside there.

 The motion to dismiss for want of jurisdiction will be denied and overruled. The alternate motion for change of venue to the Lubbock Division, Northern District of Texas, under Section 1404(a), will be granted and sustained. The order transferring the case will contain an order transferring the funds impounded in the registry of this court to the court of transfer.

Clerk will notify counsel to prepare and submit appropriate order.