**SOUTHEASTERN EQUIPMENT CO., INC., Plaintiff,**

v.

**UNION CAMP CORPORATION, Defendant.**

**Civ. A. No. 180-120.**

United States District Court,
S. D. Georgia,
Augusta Division.

Oct. 20, 1980.

Thomas R. Burnside, Jr., Burnside & Wall, Augusta, Ga., for plaintiff.

Frank W. Seiler, J. Gregory Odom, Savannah, Ga., for defendant.

## ORDER

BOWEN, District Judge.

█ By motion pursuant to 28 U.S.C. § 1404(a), defendant Union Camp Corporation [Union Camp] seeks to transfer this action to the United States District Court for the Middle District of Florida, Jacksonville Division. The threshold requirement for transfer is met since plaintiff's claim for property damage allegedly resulting from the negligent emission of gases from defendant's tank car, arose in Jacksonville, Florida, and thus venue would be proper in the transfer forum. 28 U.S.C. § 1391(a).

Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." In considering these three statutory factors for transfer, the Court is mindful that some initial weight should be accorded plaintiff's choice of forum. Courts have assigned this choice varying levels of importance. While one Georgia federal district court has stated that plaintiff's choice of forum is relatively unimportant, *A.C. Samford, Inc. v. United States*, 226 F.Supp. 72, 77 (M.D.Ga.1963), the Fifth Circuit has recognized that plaintiff's statutory privilege of forum choice is but one of several factors in determining the most convenient forum and is not in itself controlling. *Garner v. Wolfinbarger*, 433 F.2d 117 (5th Cir. 1970). The practical effect of plaintiff's statutory privilege is to make "clear that the burden is on defendant, when it is the moving party, to establish why there should be a change of forum." C. Wright, A. Miller & E. Cooper, 15 *Federal Practice and Procedure* § 3848, at 244 (1976).

█ Against this backdrop, the following facts are pertinent. Plaintiff is a Georgia corporation headquartered in Richmond County. Material witnesses on behalf of plaintiff are residents of the Augusta or Atlanta areas. Defendant is a Virginia citizen transacting business in Georgia and Florida. The incident in question occurred at Union Camp's Jacksonville facility which is affiliated with its chemical division. Material witnesses on behalf of defendant all reside in the Jacksonville, Florida, area.

Among the arguments for transfer advanced by Union Camp is that, in order for the jury to best understand the particular circumstances of defendant's alleged negligence and at least one contemplated defense thereto, a jury view of the scene might be required. Although the Court recognizes that jury views may be useful in certain unusual cases, photographs and diagrams can most often achieve the same ends. In this instance, the Court is unpersuaded that a jury view of defendant's Jacksonville facility would be essential to a just verdict. *See generally Marbury–Patillo Construction Co. v. Bayside Warehouse Co.*, 490 F.2d 155 (5th Cir. 1974).

Also unpersuasive is the contention that a Florida forum would be more suitable since Florida substantive law governs. Since no complexities of Florida law have been cited, the necessity of an intimate familiarity with Florida jurisprudence to resolve the issues in this case would seem doubtful.

Union Camp's most forceful argument for transfer is that virtually all of its material witnesses reside in the Jacksonville, Florida, area. Before balancing this important factor against any countervailing considerations, "[t]he party seeking the transfer must clearly specify the key witnesses to be called and must make a general statement of what their testimony will cover." C. Wright, A. Miller & E. Cooper, *supra* § 3851, at 270. By affidavit, defendant has identified with the requisite specificity the witnesses it deems material to its case. Affidavit of Thomas J. Dillon. Since any unwilling witnesses are not subject to compulsory process for attendance at trial under Rule 54(e)(1), the prospect of their live testimony is unlikely, and, thus, Union Camp maintains that the majority of its evidence would necessarily be presented by deposition testimony.

Underpinning the decisions which have granted transfer on the basis that another forum would better serve the convenience of witnesses is the principle that trial by live testimony is superior to trial by deposition in resolving factual questions. *See* C. Wright A. Miller & E. Cooper, *supra* § 3851, at 267 & n.5. In this case, defendant lists numerous material witnesses not subject to compulsory process, including various employees of Union Camp, individuals from the Jacksonville Sheriff Department and Civil Defense Division, an individual who has knowledge of the concentration readings in the atmosphere on the date in question, and several officials who have knowledge or made investigations of the incident such as the personnel from the Jacksonville City Police Department, the Jacksonville City Fire Department, the Florida Highway Patrol, the Jacksonville office of the American Red Cross, the Jacksonville office of the Environmental Protection Agency, and the Jacksonville office of OSHA. Plaintiff, on the other hand, has as material witnesses certain of its own corporate personnel and one or more unspecified witnesses from the Atlanta area.

While the Court is not overly concerned with the trial attendance of employees of a party, since their presence can usually be procured by that party, the prospect of lengthy deposition testimony from witnesses whose presence at trial cannot be assured does cause concern. The pertinent inquiry is not on the number of absent witnesses but rather on the significance of their testimony. *See, e. g., Clay v. Overseas Carriers Corp.*, 61 F.R.D. 325, 330–31 (D.C.Pa.1973). The suggested testimony of defendant's witnesses, not subject to compulsory process, would bear upon the key issue of liability. The presentation of this important evidence to the trier of fact by deposition testimony would be unsatisfactory.

Accordingly, defendant's motion for transfer under 28 U.S.C. § 1404(a) is granted.