**Ronald E. DOVE, Plaintiff,**

v.

**MASSACHUSETTS MUTUAL LIFE IN-SURANCE COMPANY, Defendants,**

v.

**Gary M. MILLER, Terri Miller Hege and Tammy D. Miller, Defendants to Counterclaim.**

**Civ. A. No. 180–140.**

United States District Court, S. D. Georgia, Augusta Division.

March 12, 1981.

Jay M. Sawilowsky, Augusta, Ga., for plaintiff.

249

David E. Hudson, John Bell Towill, Hull, Towill, Norman & Barrett, Augusta, Ga., for defendant.

Thomas W. Tucker, Augusta, Ga., for defendants to counterclaim.

### ORDER

BOWEN, District Judge.

In this action, originally filed in Richmond County Superior Court on July 30, 1980, plaintiff Ronald E. Dove [Dove] sought payment in the amount of $18,995.63 as the alleged beneficiary of two life insurance policies issued by defendant Massachusetts Mutual Life Insurance Company [Massachusetts Mutual]. Massachusetts Mutual removed to this Court on the basis of diversity jurisdiction and in responsive pleadings (1) filed an interpleader counterclaim against Dove [counterclaim first defendant], (2) moved to implead[1] Gary M. Miller, Terri Miller Hege and Tammy D. Miller [the insured's children and additional claimants under the subject policies] as second defendants to the interpleader counterclaim, and (3) moved to pay the subject insurance proceeds into the Court's registry and for dismissal from the case with prejudice.

By orders entered September 10, 1980, and January 14, 1981, the Court added the Miller children as second defendants to the interpleader counterclaim and dismissed Massachusetts Mutual as a party defendant after payment of the insurance proceeds into the registry of the Court. Second defendants, in their response to the interpleader counterclaim, crossclaimed against Dove alleging various wrongful acts by Dove and one Gerald A. Talley in their dealings with the insured, Lacy J. Miller, including an allegation that if the beneficiaries of the policies were changed, it was done by Dove or at his direction. In its present posture, then, the case is before the Court in the nature of an interpleader action.

Subsequent to the filing of the state court complaint in this action, and upon notice by Massachusetts Mutual that it would file an interpleader counterclaim, counterclaim second defendants brought a separate action in Superior Court of Davidson County, North Carolina. The caption of the complaint in the Davidson County action reads: Gary M. Miller, Individually and as Executor of Lacy J. Miller, Deceased, Terrie E. Miller Hege and Tammy D. Miller, by her Guardian ad Litem, Jo Ann B. Miller, plaintiffs, vs. Massachusetts Mutual Life Insurance Company, Ronald E. Dove, and Gerald A. Talley, defendants. The substance of the allegations against Dove in Count II of the complaint are the same as those set forth in counterclaim second defendants' crossclaim in this case.

The case is presently before the Court on the motion of counterclaim second defendants for change of venue to Federal District Court for the Middle District of North Carolina or, alternatively, for stay of this action pending resolution of the state court litigation in Davidson County, North Carolina.

Before considering the merits of this motion, it may be useful to summarize the somewhat involved proceedings in this case. The original state court action by plaintiff Dove, then a citizen of the State of Georgia, and resident in this judicial district, was removed to this Court by Massachusetts Mutual on the basis of diversity subject matter jurisdiction. Under 28 U.S.C. § 1441, venue was proper in this Court since the state action was pending in this district.

Upon removal, Massachusetts Mutual, as disinterested stakeholder, deposited with the registry of the Court the insurance proceeds which were the subject of Dove's claim in the original state court action as well as the yet unlitigated claims of the insured's children. Pursuant to 28 U.S.C. § 1335, Massachusetts Mutual asserted a

---

1. Technically, of course, the addition of the Miller children as party defendants to the interpleader counterclaim is not an impleader under Fed.R.Civ.P. 14(a), but rather the addition of parties to the counterclaim under Fed.R.Civ.P. 13(h). *See* 7 C. Wright & A. Miller, *Federal Practice and Procedure* § 1708, at 390 (1972).

statutory interpleader counterclaim against claimant Dove and against the adverse claimant children upon their joinder as additional parties under Fed.R.Civ.P. 13(h), 19. Personal jurisdiction was acquired over the insured's children, all residents of North Carolina, under the nationwide service of process provisions of 28 U.S.C. § 2361. Subject matter jurisdiction was proper under the minimal diversity requirement between adverse claimants under 28 U.S.C. § 1335, and venue was proper under 28 U.S.C. § 1397, which provides: "Any . . . [statutory] interpleader . . . may be brought in the judicial district in which one or more of the claimants reside." Once added as parties, the counterclaim second defendants cross-claimed under Rule 13(g) against counterclaim co-defendant Dove. Thereafter, upon the discharge of the disinterested stakeholder, the only remaining material controversy in this case was between the two adverse claimants.

Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The grant or denial of a motion for transfer under section 1404(a) rests within the sound judicial discretion of the district court. *See United States v. Ponder*, 475 FF.2d 37, 38 (5th Cir. 1973). In exercising this discretion, the Court is mindful that some initial weight should be accorded plaintiff's choice of forum. Yet, as this Court noted in another context:

> Courts have assigned this choice varying levels of importance. While one Georgia federal district court has stated that plaintiff's choice of forum is relatively unimportant, *A. C. Samford, Inc. v. United States*, 226 F.Supp. 72, 77 (M.D.Ga. 1963), the Fifth Circuit has recognized that plaintiff's statutory privilege of forum choice is but one of several factors in determining the most convenient forum and is not in itself controlling. *Garner v. Wolfinbarger*, 433 F.2d 117 (5th Cir. 1970). The practical effect of plaintiff's statutory privilege is to make "clear that the burden is on defendant, when it is the

moving party, to establish why there should be a change of forum." C. Wright, A. Miller & E. Cooper, 15 *Federal Practice and Procedure* § 3848, at 244 (1976).

*Southeastern Equipment Co., Inc. v. Union Camp Corp.*, 498 F.Supp. 164, 165 (S.D.Ga. 1980).

■ Once plaintiff's forum choice is placed in proper analytical perspective, a section 1404(a) motion requires resolution of two basic questions: "(1) whether the action sought to be transferred 'might have been brought' in the proposed transferee district; and (2) whether the transfer would be '[f]or the convenience of parties and witnesses, in the interest of justice.'" *International Patent Development Corp. v. Wyomont Partners*, 489 F.Supp. 226, 228 (D.Nev.1980). The statutory phrase "where [the action] might have been brought" precludes transfer to a district in which venue and subject matter jurisdiction would not have been proper in the first instance. 15 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3845, at 216 (1976). In sum, "[t]ransfer can be had only to a district and division where plaintiff would have had a right, independent of the wishes of the defendant, to bring the action." *Id.* at 220.

While this action is a removal case under 28 U.S.C. § 1441(a), it "is treated as though it had been commenced originally in the federal court." 14 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3738, at 746 (1976). As the Fifth Circuit concluded in *Aguacate Consolidated Mines, Inc. v. Deeprock, Inc.*, 566 F.2d 523, 524 (5th Cir. 1978):

> [R]emoved actions become subject to federal rather than state rules of procedure. Because the federal rules permit transfer, we hold that removed cases meeting the federal standards of . . . § 1404(a) may also be transferred.

Thus, the pertinent inquiry is whether Dove's state court action, assuming it was originally filed in this Federal District Court, could have been brought in the Fed-

eral District Court for the Middle District of North Carolina.[2]

It appears from the pleadings and affidavit on file that Massachusetts Mutual was doing business in the Middle District of North Carolina at the time Dove's original action was commenced. Thus, under 28 U.S.C. § 1391(c), Massachusetts Mutual was a resident of said district for purposes of venue, and, therefore, Dove's action could have been brought there. Furthermore, since Massachusetts Mutual is incorporated and has its principal place of business in a state other than Georgia or North Carolina, diversity subject matter jurisdiction would have been proper in the purported transferee forum.

Having concluded that Dove's action could have been brought in the Middle District of North Carolina, the remaining question is whether transfer would serve the interests of justice, the convenience of the parties and the convenience of the witnesses. A primary consideration under the "interest of justice" standard is the relative ease of access to sources of proof. *See Hoster v. Monongahela Steel Corp.*, 492 F.Supp. 1249, 1254 (W.D.Okla.1980). In this regard, movant's uncontroverted affidavit shows that all medical records and other documents relevant to this action are located in this transferee forum; moreover, all material witnesses reside in said forum. Thus, from the standpoint of a fair, expeditious and relatively inexpensive trial, the Middle District of North Carolina would be the preferable forum.

In considering the convenience of the parties, the Court notes that none of the parties presently reside in this district. Indeed, it appears that plaintiff Dove now resides in the State of Tennessee. On the other hand, counterclaim second defendants reside in the transferee forum. This standard would therefore mandate transfer.

The final, and perhaps most important consideration, is the convenience of witnesses. By affidavit, movant demonstrates that all material witnesses whose testimony would be relevant to the dispute between the adverse claimants reside in the Middle District of North Carolina. Plaintiff counterclaim first defendant Dove has made no counter-showing. None of these witnesses would be subject to compulsory attendance at trial in this district under Rule 54(d)(1). As this Court stated in *Southeastern Equipment Co., Inc., supra*, 498 F.Supp. at 166: "Underpinning the decisions which have granted transfer on the basis that another forum would better serve the convenience of witnesses is the principle that trial by live testimony is superior to trial by deposition in resolving factual questions." Since the suggested testimony of these witnesses would pertain to the central issue of the insured's mental capacity, the live presentation of this evidence to the trier of fact would be far more preferable than the prospect of lengthy deposition testimony.

Accordingly, in light of the above-stated findings, the Court concludes that the standards of 28 U.S.C. § 1404(a) are met, and this action is HEREBY ORDERED transferred to the United States District Court for the Middle District of North Carolina. Pursuant to said transfer, the Clerk of Court shall pay into the registry of the United States District Court for

---

**2.** As a subsidiary matter, the Court notes that counterclaim second defendants may properly move for change of venue even though they were not parties to the original action. *See, e. g., Underwood v. Continental Assurance Co.*, 141 F.Supp. 635 (S.D.Tx.1956), in which defendant counterclaimed for interpleader against the original plaintiff and against parties added on motion of the defendant-stakeholder. The added party defendants then moved for change of venue and the district court granted the motion, holding:

[The] prime objective [of section 1404(a)] is to provide a convenient forum for litigation.

Quest for such a forum should not be made so cumbersome, technical, expensive and confusing that this objective is defeated. [The interpleader plaintiff-original defendant] is not an active litigant. Its position in the suit is that of a stakeholder who is no longer a stakeholder as it has paid the money into the registry of the court. All other parties reside in [the transferee forum], and according to the affidavit [of movant], all witnesses, insofar as affiant knows reside there. *Id.* at 637–38.

the Middle District of North Carolina all remaining sums paid by Massachusetts Mutual into the registry of this Court by order entered September 10, 1980.