**AMERICAN GENERAL LIFE INSURANCE COMPANY,**
Plaintiff,

v.

**Ivar BROTHEN, Darlene Brothen, and Brian Brothen, Defendants.**

Civil Action No. 2:11–CV–0228–WCO.
No. 2:11–CV–0228–WCO.

United States District Court,
N.D. Georgia,
Gainesville Division.

Dec. 13, 2011.

Kenan G. Loomis, Lynnette D. Espy, Cozen & O'Connor, Atlanta, GA, for Plaintiff.

Charles A. Ratz, Theodore Andrew Spaulding, Boling Rice, LLC, Cumming, GA, Robert L. Chandler, Fox Chandler Homans Hicks & McKinnon, LLP, Gainesville, GA, for Defendants.

## ORDER

WILLIAM C. O'KELLEY, Senior District Judge.

The captioned case is before the court for consideration of plaintiff's "Motion for Discharge" [16] and defendant Brian Brothen's "Motion to Dismiss Petition for Interpleader" [17] and "Motion to Dismiss Petition for Interpleader" [18].[1]

This case was filed on August 26, 2011, under the federal interpleader statute, 28 U.S.C. § 1335. Plaintiff issued a life insurance policy (policy number 1737807L, hereinafter "the policy") to Rolf Brothen. The face value of the policy was $350,000.00. Rolf Brothen died on March 12, 2011. The owner and primary beneficiary of the policy was Rolf Brothen's son, Brian Brothen. There were two partial assignments of the policy's proceeds: (1) an assignment of $30,000.00 to Joseph and/or Dorthea Hyman; and (2) an assignment of $25,000.00 to Ivar and/or Darlene Brothen. Since Dorthea Hyman executed a release of her right to any assignment, the only claim at issue in this litigation is Ivan and Darlene Brothen's claim to the $25,000.00 assignment. The remainder of the policy's face value (including the $30,000.00 released assignment) has been paid by plaintiff to Brian Brothen.

Ivar and Darlene Brothen submitted a claim for the $25,000.00. Brian Brothen contested the validity of the assignment and made his own claim for this amount. Faced with these conflicting claims, plaintiff filed this action. Plaintiff sought leave to deposit the contested proceeds of $26,063.12, which includes the $25,000.00 assignment plus interest, in the registry of the court. On October 17, 2011, the court granted the motion and plaintiff deposited the funds.

Subsequently, on October 21, 2011, plaintiff filed this motion for discharge, seeking to be dismissed as a party and requesting an injunction relieving it from any further liability under the policy and preventing defendants from "taking any action against [p]laintiff concerning the [p]olicy." (Proposed Order Granting Discharge 2.) At a scheduling conference held on November 7, 2011, the parties advised the court that there was no objection to granting this motion. Additionally, on October 25, 2011, defendant Brian Brothen filed two separate (yet identical) motions to dismiss the complaint. He filed these motions *pro se*, but by the time of the status conference he had obtained an attorney to represent him. Plaintiff's motion for discharge and defendant Brian Brothen's two motions to dismiss are all ripe for disposition. The court will consider each in turn.

## I. Plaintiff's Motion for Discharge

Interpleader "affords a party who fears being exposed to the vexation of defending multiple claims to a limited fund or property that is under his control a procedure to settle the controversy and satisfy his obligation in a single proceeding." 7 Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE § 1704, at 540 (3d ed. 2001). There are two types of interpleader available: (1) statutory interpleader under 28 U.S.C. § 1335; and (2) rule interpleader under Federal Rule of Civil Procedure 22. Under statutory inter-

---

1. Docket numbers 17 and 18 are identical motions by defendant seeking to dismiss this action for lack of personal jurisdiction. Because the motions are identical, the court often refers to them simply as defendant Brian Brothen's "motion to dismiss."

pleader, the federal interpleader statute grants the district courts of the United States original jurisdiction over "any civil action of interpleader or in the nature of interpleader" when three requirements are met: (1) the person, firm, or corporation filing the interpleader action issued a policy of insurance in the amount of $500 or more; (2) there are two or more adverse claimants to that policy with diverse citizenship;[2] and (3) the plaintiff has paid the contested amount into the registry of the court. 28 U.S.C. § 1335(a).

■ The court has jurisdiction over this action because these jurisdictional prerequisites are satisfied. Plaintiff issued a policy of insurance in the amount of $350,000.00 and the contested amount is $26,0363.12, both of which exceed the $500 threshold. There is minimal diversity between the claimants because Ivar and Darlene Brothen are Georgia residents,[3] while Brian Brothen is a Florida resident.[4] Lastly, plaintiff has paid the contested proceeds into the court's registry.

In any statutory interpleader action, a court may enter an order restraining the claimants "from instituting or prosecuting any proceeding in any State or United States court affecting the property, instrument or obligation involved in the interpleader action until further order of the court." 28 U.S.C. § 2361. Subsequently, the district court "shall hear and determine the case," "may discharge the plaintiff from further liability," and may "make the injunction permanent." *Id.*

■ Initially, the court determines that plaintiff's discharge from this action is proper. Plaintiff is a disinterested stakeholder and has transferred the full amount of the funds in controversy to the court's registry. Therefore, plaintiff has no further obligations under the policy. Additionally, none of the claimants object to plaintiff's discharge.

With respect to plaintiff's request for an injunction, the court has authority to enter an order restraining the claimants "from instituting or prosecuting any proceeding in any State or United States court affecting the property, instrument or obligation involved in the interpleader action until further order of the court." *Id.* The court also has the authority to "make [this] injunction permanent." *Id.* This request is unopposed and in light of the facts of this case, the court finds that a permanent injunction is appropriate. Thus, at this time the court will enter a permanent injunction restraining defendants from instituting or prosecuting any proceeding in any State or United States court concerning the right to and distribution of the policy proceeds which are the subject of this interpleader action.[5]

2. Unlike rule interpleader actions, which require complete diversity between the stakeholder and the claimants, statutory interpleader actions have "been uniformly construed to only require 'minimal diversity,' that is diversity of citizenship between two claimants." *State Farm Fire & Casualty v. Tashire,* 386 U.S. 523, 530, 87 S.Ct. 1199, 18 L.Ed.2d 270 (1967).

3. According to the complaint, Ivar and Darlene Brothen both reside in Dawsonville, Georgia. (Compl. 1–2.)

4. The complaint asserts that Brian Brothen resides in Winter Springs, Florida. (Compl. 2.)

5. At least one court in this district has held that a permanent injunction should not be entered until after the court has determined the rights of the claimants. *See Federal Ins. Co. v. European Am. Realty, Ltd.,* No. 1:07–CV–355–WSD, 2007 WL 1953124, at *5–6 (N.D.Ga. July 2, 2007) (Duffey, J.). This conclusion was based on the text of 28 U.S.C. § 2361, which initially states that a court may enter an injunction effective "until further order of the court" and later notes that the court "shall hear and determine the case, and may discharge the plaintiff from further liability, make the injunction permanent, and make all appropriate orders to enforce its judgment." Because the power to enter a perma-

## II. Defendant Brian Brothen's Motion to Dismiss

Defendant Brian Brothen has filed two identical motions seeking to dismiss this interpleader action and the claims of Ivar and Darlene Brothen. He argues that dismissal is proper because the amount in controversy is under $75,000.00 and because the court does not have personal jurisdiction over him, since he lacks sufficient minimum contacts with the state of Georgia. These contentions, which are meritless, arise from a fundamental misunderstanding of the law applicable to a statutory interpleader action.[6]

The court clearly has subject matter jurisdiction over this action, as explained above. The federal interpleader statute, 28 U.S.C. § 1335, grants a United States district court subject matter jurisdiction over an interpleader action. In a statutory interpleader action (unlike a rule interpleader action), there is no need to invoke an additional ground for jurisdiction such as the diversity statute. Defendant Brian Brothen's contention that "[t]here is no

subject matter jurisdiction [because] the amount in controversy [$25,000] is under $75,000" thus demonstrates a complete misunderstanding of the jurisdictional requirements applicable to this case. (Def.'s Mot. to Dismiss 2.) Because the court has jurisdiction over this action pursuant to 28 U.S.C. § 1335, there is no need to satisfy the requirements for diversity jurisdiction under 28 U.S.C. § 1332.

■ Similarly, it cannot be seriously questioned that the court has personal jurisdiction over defendant Brian Brothen. Under 28 U.S.C. § 2361, Congress granted the district courts authority to issue nationwide service of process in statutory interpleader actions. Service in a statutory interpleader action is thus sufficient to establish personal jurisdiction over the named defendant. *See* Fed.R.Civ.P. 4(k)(1)(C) (providing that service of a summons authorized by federal statute establishes personal jurisdiction over a defendant); *see also Mudd v. Yarbrough*, 786 F.Supp.2d 1236, 1242–43 (E.D.Ky.2011) ("Courts are clear that service of process

---

nent injunction is only mentioned after the statute's directive to "hear and determine the case," Judge Duffey concluded that a court must determine the rights of the claimants prior to the issuance of a permanent injunction. *Federal Ins. Co.*, 2007 WL 1953124, at *5.

The problem with this reading of the statute is that, taken to its logical conclusion, a court would not have the power to discharge a stakeholder plaintiff until after the rights of the claimants had been adjudicated. This is because the statute also only grants the court the power to "discharge the plaintiff from further liability" after the "district court shall hear and determine the case." *See* 28 U.S.C. § 2361 ("Such district court shall hear and determine the case, and may discharge the plaintiff from further liability ...."). Such a result is contrary to the vast majority of decisions, which grant discharge prior to the adjudication of the competing claims. *See, e.g., First Tuskegee Bank v. Milner*, No. 2:10–CV–463–WKW, 2011 WL 1642371 at *2 (M.D.Ala.

May 2, 2011) (granting the stakeholder plaintiff's motion for discharge and for a permanent injunction prior to adjudication of claims); *U.S. Bank Nat'l Assoc. v. Turquoise Props. Gulf, Inc.*, No. 10–0204–WS–IN, 2010 WL 4809658, at *5 (S.D.Ala. Nov. 17, 2010) (entering a permanent injunction in favor of the stakeholder plaintiff prior to adjudication of claims). Indeed, in *Federal Insurance Company* itself, Judge Duffey granted the plaintiff's motion to discharge and dismissed the plaintiff from the case, even though the claims had not been adjudicated. 2007 WL 1953124, at *6. Thus, the reasoning of *Federal Insurance Company* is internally inconsistent and the court declines to follow its approach.

6. Brian Brothen is proceeding *pro se*, but the format of his briefs leads the court to believe that he is either legally trained or that he had these materials "ghost-written" by an attorney. Either way, the person who wrote the briefs does not understand the federal interpleader statute.

pursuant to the Federal Interpleader Act is sufficient to establish personal jurisdiction over [the defendant]").[7] The docket reflects that defendant Brian Brothen was served with a summons on October 18, 2011. This court therefore has personal jurisdiction over him and his minimum contacts argument is thus unavailing. Both of his motions to dismiss must be denied.

For the foregoing reasons, plaintiff's "Motion for Discharge" [16] is hereby **GRANTED**. Plaintiff is hereby **DISMISSED** with prejudice from this action and is hereby **DISCHARGED** from further liability under the policy. Defendants are hereby permanently **RESTRAINED** and **ENJOINED** from instituting or prosecuting any proceeding in any State or United States court concerning the right to and distribution of the policy proceeds which are the subject of this interpleader action. Additionally, defendant Brian Brothen's "Motion to Dismiss Petition for Interpleader" [17] and "Motion to Dismiss Petition for Interpleader" [18] are hereby **DENIED**.

---

7. The court notes that the issue of personal jurisdiction in the context of statutory interpleader "has not been one that has seemed to concern the courts" and opinions in statutory interpleader cases "do not discuss whether the assertion of jurisdiction also meets jurisdictional standards." Wright, Miller & Kane, FEDERAL PRACTICE AND PROCEDURE § 1711, at 604. The reason for this silence is likely that the personal jurisdiction "analysis seems so clear that it is not necessary to discuss it." *Id.* In the statutory interpleader context, the Fifth Amendment's Due Process clause, not the Fourteenth Amendment's Due Process Clause, controls the personal jurisdiction inquiry. *Id.* at 603. Under the Fifth Amendment, only national contacts, rather than state contacts, are required to exercise jurisdiction. *Id.* at 603 n. 18. Moreover,

> Congress in enacting the interpleader statute with its nationwide-service provision effectuated a national interest in providing a means of allowing the stakeholder to obtain relief, when otherwise because of the territorial limits imposed on state-court jurisdiction the stakeholder might be subject to multiple liability or at least multiple litigation. Given these concerns, this statutory assertion of jurisdiction seems clearly warranted and constitutional and it is *not* necessary for the federal court to concern itself with whether the claimants have minimum contacts with the forum state.

*Id.* at 604 (emphasis added).

The court's independent analysis of the relevant case law confirms this analysis: most statutory interpleader cases do not discuss the personal jurisdiction requirement. Of the opinions that do discuss the requirement, most simply mention in passing that personal jurisdiction is established through nationwide service of process. *See, e.g., Valley Forge Life Ins. Co. v. Rockmore,* No. 7:07–CV–0063(HL), 2008 WL 1805450, at *1 (M.D.Ga. April 18, 2008) (Lawson, J.) ("Personal jurisdiction over statutory interpleader claimants is available through the nationwide service of process provisions of 28 U.S.C. § 2361."); *Rubinbaum LLP v. Related Corp. Partners V, L.P.,* 154 F.Supp.2d 481, 485–86 (S.D.N.Y.2001) (same); *Dove v. Mass. Mut. Life Ins. Co.,* 509 F.Supp. 248, 250 (S.D.Ga.1981) (Bowen, J.) (same). One federal court in this state, however, did conduct a minimum contacts analysis to determine if personal jurisdiction existed in a statutory interpleader action. *See British Marine Luxembourg, S.A. v. Deep Sea Financing, LLC,* No. 409–023, 2010 WL 1960994, at *2 (S.D.Ga. May 13, 2010) (Wood, C.J.). The court finds the reasoning of the *British Marine* decision unpersuasive, however, as it incorrectly (and without discussion) assumes that the Fourteenth Amendment's Due Process Clause governs the personal jurisdiction analysis.