## SPRINGSTEAD v. CRAWFORDSVILLE STATE BANK.

### ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF FLORIDA.

No. 93.  Submitted December 4, 1913.—Decided December 22, 1913.

In determining the amount in controversy for jurisdictional purposes the attorney's fee provided for in a promissory note in case of suit can be considered, as it is not a part of the costs.

Failure to allege the citizenship of the original payee of a note on which suit is brought by the assignee is a jurisdictional defect; but if diversity of citizenship between the plaintiff and defendant is alleged the defect is amendable.

Under § 299 of the Judicial Code, amendments to the pleadings are allowable if the jurisdictional amount existed when the suit was brought notwithstanding that since then the amount necessary to give jurisdiction has been increased.

THE facts, which involve the jurisdiction of the Circuit Court, are stated in the opinion.

*Mr. J. C. Davant* for plaintiffs in error.

*Mr. Peter O. Knight* and *Mr. C. Fred Thompson* for defendant in error.

Memorandum opinion by MR. CHIEF JUSTICE WHITE, by direction of the court.

This is a direct writ of error to determine a question of jurisdiction. The action arose prior to the adoption of the Judicial Code and was on two promissory notes, each for one thousand dollars and each providing for the payment of a reasonable attorney's fee if suit were brought. Could

such an attorney's fee be considered in determining whether the jurisdictional amount was involved? We think so. Clearly such fee was no part of the costs, nor was it interest. It may be that the agreement to pay an attorney's fee in the event of suit created only an accessory right (though under *Brown* v. *Webster*, 156 U. S. 328, this is doubtful), but nevertheless it gave a right to recover and created a legal obligation to pay. It is true its effectiveness was dependent upon suit being brought, yet the moment suit was brought the liability to pay the fee became a "matter in controversy" and as such to be computed in making up the requisite jurisdictional amount, *Brown* v. *Webster*, 156 U. S. 328, and this has been the rule since applied by lower Federal courts. *Rogers* v. *Riley*, 80 Fed. Rep. 759; *Casualty Company* v. *Spradlin*, 170 Fed. Rep. 322; *Howard* v. *Carroll*, 195 Fed. Rep. 646.

It is further urged that though the case is within the jurisdictional amount, nevertheless it was not within the competency of the court below because of a failure to allege the citizenship of the original payee of the notes. (Act of August 13, 1888, 25 Stat. p. 433, c. 866, § 1.) The contention is clearly well taken. *King Bridge Company* v. *Otoe County*, 120 U. S. 225; *Parker* v. *Ormsby*, 141 U. S. 81, 83. However, as between the plaintiff and the defendants the necessary diversity of citizenship was alleged, we are of opinion that the failure to allege the citizenship of the assignor of the paper does not compel the absolute dismissal of the case, as the error in that particular is susceptible to correction by amendment. *King Bridge Co.* v. *Otoe County*, 120 U. S. 225; *Great Southern Fire Proof Hotel Co.* v. *Jones*, 177 U. S. 449.

The argument that because subsequent to the institution of suit the jurisdictional amount was increased to allow the amendment at this time, would be giving the lower court jurisdiction of a case to which its authority does not now extend is without merit, in view of the saving

clause of § 299 of the Judicial Code, which was intended to cover such a case as this.

*Reversed and remanded with direction to allow plaintiff to amend by alleging the citizenship of the original parties to the paper within such time as the court shall think proper and upon failure to do so, to dismiss for want of jurisdiction.*