## BRUSH v. WORLD FIRE & MARINE INS. CO.

District Court, S. D. Florida, Tampa Division. June 25, 1929.

No. 1853.

Mabry, Reaves & Carlton, of Tampa, Fla., and W. W. Whitehurst, of Wauchula, Fla., for plaintiff.

Cockrell & Cockrell, of Jacksonville, Fla., for defendant.

AKERMAN, District Judge. This cause comes before the court on a motion to remand the same to the state court for want of jurisdiction of this court, the question being whether the jurisdictional amount is embraced in the cause of action as laid by the plaintiff in his declaration. The suit is in statutory form for an action upon policy of insurance. The insurance policy is in the sum of $3,000, and in the ad damnum clause damages are claimed in the sum of $5,000.

It is conceded in this cause of action the plaintiff may recover the sum of $3,000, with interest thereon at the rate of 8 per cent. per annum, and the plaintiff claims that any sum that might be recovered in excess of $3,000 would be interest within the meaning of the act of Congress fixing the jurisdiction of this court, while the defendant claims that any amount that might be recovered in excess of $3,000 would be a part of the damages recovered for a breach of a contract, and would not be, technically speaking, interest.

Whatever might be the opinion of this court, as an original proposition, I am unable to distinguish this case from the case of Continental Casualty Co. v. Spradlin (C. C. A.) 170 F. 322, and inasmuch as the above case has received at least the tacit approval of the Supreme Court of the United States in the case of Springstead v. Crawfordsville State Bank, 231 U. S. 541, 34 S. Ct. 195, 58 L. Ed. 354, I feel that I am bound by the decision of the Circuit Court of Appeals of the Fourth Circuit, thus approved by the Supreme Court of the United States, and therefore the motion to remand must be denied.