## GILLILAND v. COLORADO LIFE CO.

No. 9504.

District Court, W. D. Missouri, **W. D.**

June 16, 1936.

Carl Borello and Harvey Roney, both of Kansas City, Mo., for plaintiff.

Ryland, Stinson, Mag & Thomson, of Kansas City, Mo., for defendant.

OTIS, District Judge.

This case was removed here because of diversity of citizenship and on defendant's theory that the matter in dispute exceeds, exclusive of interest and costs, the sum or value of $3,000. The petition in the case states a cause of action on a contract of insurance. The plaintiff claims a principal amount of $2,500 under the policy "with interest at 6 per cent. from August 24, 1933" (the date of the death of the insured) on that amount. Damages for vexatious delay in the amount of $300 and attorneys' fees in the amount of $200 also are prayed. The three items ($2,500, $300, and $200) total exactly $3,-000. Whether this court has jurisdiction depends on whether the "interest" demanded in the prayer is within or without the meaning of the word "interest" as used in the statutory phrase "exclusive of interest and costs."

No controlling decision guides us in deciding the question presented by the motion. The Fourth Circuit Court of Appeals has decided that in a suit on an insurance policy a demand for interest upon the principal due under the policy (where the policy does not provide for interest) is not merely incidental and accessory to the principal amount and, therefore, is not to be considered as "interest" within the meaning of the statute. Continental Casualty Co. v. Spradlin (C.C.A.) 170 F. 322. Exactly the opposite conclusion was reached by the District Court for the District of New Jersey in Voorhees v. Ætna Life Insurance Co., 250 F. 484.[1]

I agree with Dean Dobie (Armistead M. Dobie, Dean, Department of Law, University of Virginia) that the latter is the better reasoned of the two cases cited. Dobie on Federal Procedure, 1928 Edition, pp. 155, 156. I do not consider that it is necessary, however, to determine this controversy in order that the motion now presented may be ruled.

The nature of the matter in dispute and the amount or sum thereof are to be determined from a consideration of plaintiff's petition. Plaintiff may not be entitled to recover anything by way of interest as interest upon the principal amount claimed under the policy of insurance. Possibly plaintiff is entitled only to recover a sum, in addition to the $2,500 for which he sues, as damages for the retention by the defendant of the principal amount due the beneficiary under the insurance policy sued on. If the plaintiff had sued for damages, it might be argued (as it was argued by the Court of Appeals in Continental Casualty Co. v. Spradlin, supra) that the demand for damages (although measured by the interest standard) was a part of the principal demand and not merely an incident thereof or accessory thereto. The plaintiff in this case, however, claims nothing by way of damages. Plaintiff claims interest on $2,500 as interest. If he is entitled to recover anything as interest, then that amount is not to be calculated in deter-

[1] In the comparatively recent case of Brush v. World Fire & Marine Insurance Co., 33 F.(2d) 1007, the District Court for the Southern District of Florida followed the Fourth Circuit Court of Appeals in Continental Casualty Co. v. Spradlin and suggested that the last-mentioned case had been approved by the Supreme Court in Springstead v. Crawfordsville State Bank, 231 U.S. 541, 34 S.Ct. 195, 58 L.Ed. 354. Reference to the opinion in the Springstead Case, however, reveals no justification for the assertion that the Supreme Court approved the rule announced in Continental Casualty Co. v. Spradlin.

mining the jurisdictional amount involved. If, perchance, plaintiff would be entitled to recover an amount in addition to the $2,500 for which he sues, not as interest on the $2,500, but as damages for the unlawful retention of that amount by the defendant, then he has not sued for that additional amount in this case.

The motion to remand is sustained. The case is remanded. It is so ordered.