Robert C. GALLOWAY, an individual, Plaintiff,

v.

RETAIL SALES EAST, INC., a corporation, Defendant.

Civ. A. No. 85–880.

United States District Court, W.D. Pennsylvania.

Feb. 5, 1987.

Philip A. Faix, Jr., Pittsburgh, Pa., for plaintiff.

Daniel E. Wille, Pittsburgh, Pa., for defendant.

## OPINION

GERALD J. WEBER, District Judge.

Plaintiff instituted this diversity action, alleging that defendant breached its contract with plaintiff and failed to pay plaintiff commissions on the sale of goods. Defendant has filed a Motion to Dismiss, attacking plaintiff's averment of the jurisdictional amount.

Plaintiff was a salesperson, employed by defendant to solicit orders for goods in a geographical region which included Western Pennsylvania. Under a written agreement, plaintiff was entitled to commissions on sales which he garnered for the company.

Plaintiff resigned his sales position in January, 1983. Subsequently, plaintiff demanded payment of certain commissions which he believed to be due and owing. Defendant refused and this suit followed.

Defendant relies on a letter from plaintiff dated August 3, 1983 in which plaintiff identifies the amount of overdue commissions as $7,805.13. Because plaintiff made no requests for any other commissions within the time period set by the written agreement, defendant contends that plaintiff's August 3, 1983 letter demonstrates conclusively the absence of the jurisdictional amount.

■ Defendant fails on two counts. First of all, the agreement between the parties specifically entitles a party to recov-

er attorney's fees expended in recovering damages for a breach. Unlike the typical situation where attorney's fees are not to be included in determining the jurisdictional amount, attorney's fees here are a contractual element of damages. By contract they are another item of damages recoverable in the event of a breach, and as such are to be included in the computation. *Springstead v. Crawfordsville State Bank,* 231 U.S. 541, 34 S.Ct. 195, 58 L.Ed. 354 (1913); Moore's Federal Practice, Vol. I, § 0.99[2]. We cannot say that plaintiff's attorney's fees will be less than the difference between $7,805.13 and $10,000. On this basis plaintiff satisfies the jurisdictional amount.

Plaintiff also contends that discovery conducted thus far has disclosed additional commissions which were either unpaid, underpaid or mistakenly paid to others. Plaintiff avers that he was unaware of these amounts due him until receiving the documents obtained from the defendant in discovery. In conjunction with the specific commissions previously claimed, these amounts easily satisfy the jurisdictional prerequisite.

Defendant however argues that plaintiff is precluded by the contract from claiming any past commissions not claimed by plaintiff within 1 year and 14 days after his resignation. If the plaintiff's averments are true, and for the purpose of this motion we presume they are, then plaintiff was unaware of certain commissions due him until he reviewed company documents obtained in this litigation. It is difficult to justify precluding a plaintiff from claiming amounts due him solely because he failed to assert rights to commissions he did not know he had, particularly where that information is within the exclusive knowledge and control of the defendant. Plaintiff may assert here claims for all amounts due him for which plaintiff made a timely claim after discovering them.

For the reasons stated above, defendant's motion to dismiss will be denied. An answer will be ordered and a status conference scheduled.