718 F.Supp. 742 (1989)
PERMA GLASS CORPORATION, Plaintiff,
v.
SASAK CORPORATION, Defendant.
No. 89-0087C(6).
United States District Court, E.D. Missouri, E.D.
August 23, 1989.
*743 Steven W. Garrett, Curtis, Bamburg, Oetting, Brackman and Crossen, P.C., St. Louis, Mo., for plaintiff.
Amrut Patel, President, Sasak Corp., Upland, Cal., pro se.
Amrut Patel, Akshar Inv. Co., Springfield, Ill., pro se.
John J. Allan, St. Louis, Mo., for defendant.

MEMORANDUM
GUNN, District Judge.
This matter is before the Court on defendant Sasak Corporation's motion to dismiss plaintiff Perma Glass Corporation's action for lack of subject matter jurisdiction. Specifically, defendant contends that plaintiff's complaint fails to allege the requisite amount in controversy. Pursuant to 28 U.S.C. § 1332(a) the amount in controversy "must exceed $10,000.00 exclusive of interest and costs."[1] Plaintiff seeks damages for breach of a contract for the refurbishment of an in-ground swimming pool. The contract price is $9,000.00. Pursuant to the terms of the contract, the plaintiff is entitled to recover "all costs" of any action instituted to enforce the agreement, "including a reasonable attorney's fee". See ¶ 6 of Contract. On this basis plaintiff prays for $12,000.00 in damages under the contract, consisting of the $9,000.00 contract price and $3,000.00 in attorney's fees.
In support of its motion to dismiss Sasak Corporation points out that the parties' contract "specifically defines attorney's fees as a cost and not part of the consideration of the contract." Because § 1332(a) excludes interest and costs from the calculation of amount in controversy, defendant argues that the attorney's fees recoverable under the contract should not be considered in determining the amount in controversy.
In passing on a motion to dismiss for failure to allege the requisite jurisdictional amount in controversy "the sum claimed by the plaintiff controls if the claim is apparently made in good faith." St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288, 58 S.Ct. 586, 590, 82 L.Ed. 845, 849 (1937). Dismissal is justified only if it "appears to a legal certainty" that the claim is really for less than the jurisdictional amount. Id. See also Shaw v. Gwatney, 795 F.2d 1351, 1356 (8th Cir. 1986).
Attorney's fees are included in the computation of the jurisdictional amount when they are an item of damages recoverable *744 under a contract in the event of a breach. Springstead v. Crawfordsville State Bank, 231 U.S. 541, 34 S.Ct. 195, 58 L.Ed. 354 (1913); Galloway v. Retail Sales East, Inc., 653 F.Supp. 708, 709 (W.D.Pa. 1987); 14A C. Wright, A. Miller, E. Cooper Federal Practice and Procedure § 3712 at 176 (2d ed.1985). Defendant has offered no authority in support of its rather formalistic argument that the contractual designation of attorney's fees as recoverable "costs" rather than damages alters this settled proposition of law. The Court cannot say that plaintiff's attorney's fees will be less than the difference between $9,000 and $10,000 or that attorney's fees of $1,000 would be unreasonable in this case. Accordingly, plaintiff's allegations satisfy the amount in controversy requirement and defendant's motion must be denied.
NOTES
[1] Plaintiff filed this suit prior to the effective date of the amendment to § 1332(a) which increased the requisite jurisdictional amount to $50,000.00.