**T.K. HITE COLLISION REPAIR, INC., d/b/a Hadl Collision Repair, Plaintiff,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant.**

Civ. A. No. 91–2043–V.

United States District Court, D. Kansas.

April 8, 1992.

Sonya S. Stokes, Buck, Bohm & Stein, P.C., Leawood, Kan., Thomas Stein, Accurso, Stein, McCaskill & Smith, P.C., Kansas City, Mo., for plaintiff.

Dale L. Beckerman, Mimi E. Doherty, Deacy & Deacy, Kansas City, Mo., Daniel E. Doherty, Westwood, Kan., William D. Mize, Deacy & Deacy, Prairie Village, Kan., for defendant.

## MEMORANDUM AND ORDER

VAN BEBBER, District Judge.

By this order the court *sua sponte* withdraws its order (Doc. 67), dated March 6, 1992, dismissing this case for lack of subject matter jurisdiction and its order (Doc. 81), dated March 25, 1992, denying plaintiff's motion for reconsideration of the order of dismissal.

Subject matter jurisdiction in this case was predicated upon diversity of citizenship under 28 U.S.C. § 1332. In its original

Complaint, plaintiff claimed damages in excess of $50,000 and punitive damages of $10,000,000. In plaintiff's First Amended Complaint, plaintiff claimed actual damages in excess of $50,000 and punitive damages of $10,000,000 as to each count. In the Pretrial Order filed in this case, plaintiff states that "[a]s damages plaintiff claims loss of net profits in the total amount of $23,508." Pretrial Order at 3. No other claim for damages is asserted in the Pretrial Order.

In its order dated March 6, 1992, the court found that the amount of damages asserted by plaintiff in the Pretrial Order did not meet the amount in controversy requirement of section 1332. Accordingly, the court concluded that subject matter jurisdiction was lacking. In its order dated March 25, 1992, the court declined to consider plaintiff's claim for punitive damages as a basis for subject matter jurisdiction since plaintiff had failed to assert such a claim in the Pretrial Order.

The court now concludes that it has subject matter jurisdiction over the case. When determining whether the amount in controversy has been satisfied, federal courts examine plaintiff's damage claims at the time that the action is commenced. *See, e.g., Klepper v. First American Bank,* 916 F.2d 337, 340 (6th Cir.1990); 14A Wright, Miller & Cooper, Federal Practice and Procedure § 3702 (1985) (and cases cited therein). Jurisdiction, once established cannot be destroyed by a subsequent change in events. *Id.* Accordingly, the court concludes that it erred in determining the amount in controversy at the time of the Pretrial Order, rather than looking to when the action was filed. In other words, the fact that the amount of damages claimed by plaintiff in its Complaint has been reduced by the superseding Pretrial Order will not destroy the court's jurisdiction, if such jurisdiction originally existed.

In determining the amount in controversy, the amount alleged in the complaint will suffice unless it appears to a legal certainty that the plaintiff in good faith cannot claim the jurisdictional amount. *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 288–89, 58 S.Ct. 586, 590–91, 82 L.Ed. 845 (1938). Moreover, the inability of plaintiff to recover an amount adequate to give the court jurisdiction does not show its bad faith or oust the court's jurisdiction. *Id.* After reviewing the record and plaintiff's Complaint in this case, the court concludes that plaintiff's damage claims were asserted in good faith and that at the time of filing the Complaint, it did not appear to a legal certainty that plaintiff could not recover the amounts alleged in its Complaint. Therefore, the court concludes that, when viewed at the time this action was commenced, the amount in controversy was met and that this court had and continues to have subject matter jurisdiction over plaintiff's claims.

IT IS, THEREFORE, BY THE COURT ORDERED that the court's order of March 6, 1992, dismissing this case (Doc. 67) and the court's order of March 25, 1992, denying reconsideration (Doc. 81) are withdrawn. The Clerk of the Court shall re-open the case.

IT IS FURTHER ORDERED that plaintiff's motion for extension of time (Doc. 77) to respond to defendant's pending motion for summary judgment is granted. Plaintiff shall have until April 22, 1992, to respond to defendant's motion.

IT IS FURTHER ORDERED that, pursuant to D.Kan. Rule 213(c) and to prevent manifest injustice, plaintiff's motion to modify the Pretrial Order (Doc. 68) to assert a claim for punitive damages is granted. Section 4 of the Pretrial Order is amended by the addition of the following paragraph:.

> Plaintiff is seeking punitive damages for Defendant's tortious interference with existing or prospective business advantage in the amount of $10,000,000.00. Plaintiff is also seeking $10,000,000.00 in punitive damages for the defamatory remarks made by Defendant.

IT IS FURTHER ORDERED that defendant shall have until April 22, 1992, to supplement its pending motion for summary judgment (Doc. 64) as to the issue of

punitive damages. Plaintiff shall then have until May 6, 1992, to respond to any supplementation filed by defendant.

Copies of this order shall be mailed to counsel of record for the parties.

IT IS SO ORDERED.