**NATIONWIDE MUTUAL INSURANCE COMPANY**

v.

**Mark David ROWLES, a Minor, by his Parent and Natural Guardian, Lawrence W. ROWLES.**

Civ. A. No. 92–6309.

United States District Court,
E.D. Pennsylvania.

April 16, 1993.

---

Edward J. Carney, Petrikin, Wellman, Damico, Carney & Brown, Media, PA, for plaintiff.

John F. Hanahan, Rosenbaum & Assoc., P.C., Philadelphia, PA, for defendants.

MEMORANDUM

BARTLE, District Judge.

Plaintiff, Nationwide Mutual Insurance Company ("Nationwide"), has filed this declaratory judgment action, seeking interpretation of an automobile insurance policy. Nationwide contends that defendant, a minor, is not entitled to coverage under his father's policy for injuries the minor sustained in running and falling over a street sign on a sidewalk.

The complaint alleges subject matter jurisdiction based on diversity of citizenship and an amount in controversy in excess of $50,000, exclusive of interest and costs. 28 U.S.C. § 1332. Defendant has moved to dismiss the action on the ground that the requisite jurisdictional amount has not been satisfied. He contends that the uninsured motorist coverage under the policy is only $50,000 and that this sum is all he is seeking from Nationwide. If the amount in controversy is not in excess of that amount, we have no subject matter jurisdiction.

Nationwide agrees that the uninsured motorist coverage is only $50,000 but contends that defendant is also seeking $10,000 in first party medical benefits under the policy, making the amount in issue $60,000. In support of its position, Nationwide points to Paragraph 6 of defendant's answer: "It is admitted that minor Rowles is claiming personal injuries and entitlement to first-party medical benefits coverage and Uninsured Motorist coverage under the Nationwide policy."

While defendant concedes that the policy provides $50,000 in uninsured motorist coverage and $10,000 in first party medical benefits, he contends he is now seeking and has always sought to recover only the uninsured motorist coverage. Defendant further responds that he erred in admitting in his answer that he was seeking first party benefits. He states that his admission was obviously an error since he included an affirmative defense that "the matter in controversy does not *exceed* $50,000.00." Defendant has also produced his counsel's September 1, 1992 letter to Nationwide in which he demanded arbitration under the policy of only the uninsured motorist coverage. Thus, the

papers he submitted to Nationwide before this litigation began do not include a demand for first party medical benefits. Defendant now seeks to amend his answer to make it clear that he is waiving any claim for those benefits.

Nationwide first argues that any statement or waiver after the filing of the complaint cannot oust this Court of jurisdiction. It also contends that the jurisdictional sum is determined not only by the amount of the uninsured motorist coverage but also by any attorneys' fees and costs for which the insurance company is obligated to the insured in any underlying arbitration.

■■■ We must first look, of course, to the face of the complaint to determine the sum or value in controversy. This controls unless it appears or it is established that the amount is not claimed in good faith, that is, that it appears " 'to a legal certainty the claim is really for less than the jurisdictional amount.' " *Horton v. Liberty Mut. Ins. Co.,* 367 U.S. 348, 353, 81 S.Ct. 1570, 1573, 6 L.Ed.2d 890 (1961) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 289, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938)). It is well settled that subject matter jurisdiction in a diversity case is determined at the time the complaint is filed. *St. Paul Mercury Indem. Co. v. Red Cab Co., supra.* Thus, for example, if the citizenship of a party changes after the suit is initiated so as to destroy diversity, the Court will not dismiss the complaint for lack of subject matter jurisdiction. *Smith v. Sperling,* 354 U.S. 91, n. 1 at 93, 77 S.Ct. 1112, n. 1 at 1113, 1 L.Ed.2d 1205 (1954). Likewise, if a case has been properly removed from the state court, a plaintiff, by later amending its complaint to reduce its claim below the jurisdictional amount, may not have the case remanded to the state court. The federal court retains jurisdiction nonetheless. *St. Paul Mercury Indem. Co. v. Red Cab Co., supra; Angus v. Shiley,* 989 F.2d 142 (3d Cir.1993).

■■ Before this lawsuit was instituted, the defendant sought coverage from Nationwide for his injuries under only the uninsured motorist coverage of the policy. That was the sole dispute he sought to arbitrate under the arbitration provision of the policy. Thereafter, Nationwide filed this declaratory judgment action in this Court alleging that the jurisdictional amount exceeds $50,000, exclusive of interest and costs.[1] Nationwide seeks a declaration as to both the uninsured motorist and the first party medical benefits coverages even though the issue of the first party medical benefits is not and has never been in issue. Since we must view the amount in controversy as of the time the complaint was filed, Nationwide cannot meet the jurisdictional amount by seeking a declaration of an additional coverage not in issue at that time.

This, however, does not end the matter. Alternatively, Nationwide argues that the Court must include, in addition to the $50,000 in uninsured motorist coverage, the arbitration costs as set forth in the policy. The arbitration provision of the policy, which is attached to and made a part of the complaint, states:

> If **we** and **the insured** do not agree about **the insured's** right to recover damages or the amount of damages, the following arbitration procedure will be used:
>
> After written demand for arbitration by either party, each party will select a competent and disinterested arbitrator. The two so selected will select a third.... *Each party will pay its chosen arbitrator, and bear equally expenses for the third and all other expenses of arbitration.*
>
> Arbitration shall be conducted in accordance with the provisions of the Pennsylvania Uniform Arbitration Act.

(emphasis added).

■■■ Costs in this federal action, of course, are excluded in determining the sum in controversy. 28 U.S.C. § 1332. However, where the underlying instrument or contract itself provides for their payment, costs and attorneys' fees must be considered in deter-

---

1. The Court previously denied defendant's "Motion to Dismiss for Failure of the Pleading to State a Claim upon which Relief Can Be Granted under Rule 12 of the Federal Rules of Civil Procedure."

mining the jurisdictional amount. *See Springstead v. Crawfordsville State Bank,* 231 U.S. 541, 34 S.Ct. 195, 58 L.Ed. 354 (1913); *Farmers Ins. Co. v. McClain,* 603 F.2d 821 (10th Cir.1979). Here the policy explicitly requires the insurance company to pay certain arbitration costs which are for the direct benefit of the insured. This is no different than the situation where the insurance company is required by the policy to provide its insured with a defense. Under those circumstances, the cost of defense is considered in determining the jurisdictional amount. *Allstate Ins. Co. v. Dillard,* 190 F.Supp. 111 (E.D.Pa.1960). Clearly, Nationwide's obligation to pay those arbitration expenses will raise the amount in issue over the $50,000 limit. Defendant's reliance on *Motorists Mutual Ins. Co. v. Simpson,* 404 F.2d 511 (7th Cir.1968), *cert. denied* 394 U.S. 988, 89 S.Ct. 1470, 22 L.Ed.2d 763 (1969) does not support a contrary result. In that case there was no *contractual* obligation to provide a defense for or otherwise pay any costs or attorneys' fees on behalf of the opposing party in the lawsuit.

The complaint alleges the requisite jurisdictional sum or value under 28 U.S.C. § 1332. Defendant has not established to a "legal certainty" that, at the time of the filing of the complaint, the jurisdictional amount was below the statutory requirement. Accordingly, this Court has subject matter jurisdiction.

The defendant's motion to dismiss will be denied and the defendant's motion to amend paragraph 6 of its answer will be granted.