Bernard McNULTY and
Mary Ann McNulty

v.

TRAVEL PARK t/a Flying Carport and/or ABC Corporations (Fictitious Names), Corporations, Partnerships, Proprietorships, and/or Individuals, Claude George and/or John Doe(s) (Fictitious Names).

Civ. A. No. 93–CV–1186.

United States District Court,
E.D. Pennsylvania.

May 5, 1994.

## MEMORANDUM AND ORDER

JOYNER, District Judge.

We are here presented with a rather unusual motion in that the plaintiffs are asking this court to dismiss their case for lack of subject matter jurisdiction and to permit them to transfer this action to Pennsylvania state court. The defendants, in turn, oppose the plaintiffs' request and have filed a cross-motion for sanctions pursuant to Fed. R.Civ.P. 11. For the reasons which follow, both motions are denied.

### I. HISTORY OF THE CASE.

This civil action has its origins in an incident which occurred on July 25, 1992 when the husband-plaintiff was struck by a motor vehicle owned by the defendant Travel Park and operated by defendant Claude George at the Philadelphia International Airport. Inasmuch as the plaintiffs are citizens of the State of New Jersey and the defendants are citizens of Pennsylvania, suit was filed in this court on March 8, 1993. The amount in controversy at that time was alleged to exceed $10,000.00.[1] The case thereafter proceeded into the discovery phase and, via stipulation of the parties on December 15, 1993, the plaintiffs voluntarily withdrew their claims for lost wages and/or earning capacity. The matter was subsequently heard by a board of arbitrators on January 12, 1994 with the result that a judgment in favor of the defendant Travel Park was rendered the following day. The plaintiffs then appealed that decision by filing a demand for trial de novo with this court on or about February 1, 1994.

By way of the instant motion, plaintiffs now assert that since that date, their counsel "has concluded on the basis of certain medical information pertaining to Mr. McNulty," that the amount in controversy does not exceed $50,000 and that this case therefore

Sal B. Daidone, Sal B. Daidone, P.C., Voorhees, NJ, for plaintiffs.

Virgie M. Vakil, Kelly Grimes Pietrangelo & Vakil, P.C., Media, PA, for defendants.

1. Under 28 U.S.C. § 1332(a), "the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $50,000, exclusive of interest and costs, and is between—(1) citizens of different States ..." Although the plaintiffs' complaint in the matter at bar averred that the amount in controversy here exceeded $10,000, it appears that this defect was never previously detected by either of the parties and that the parties are evidently in agreement that the $10,000 figure was pleaded in error. Since, in all other respects, plaintiff and defendants have acknowledged that the required jurisdictional amount in controversy is $50,000, we shall treat the pleadings as having alleged the minimum sum as required by the statute.

cannot properly be brought in the United States District Court. In support of their opposition to plaintiffs' motion, the defendants contend that insofar as the medical information upon which plaintiffs' counsel now bases his conclusion was available long before the arbitration was held and the demand for trial de novo was filed, the plaintiffs violated the provisions of Fed.R.Civ.P. 11 in that they obviously failed to conduct any prefiling investigation into the truth or validity of the allegations put forth in their pleadings.

## II. *DISCUSSION.*

■ The law is clear that the courts must look first to the face of the complaint to determine the sum or value in controversy and that this controls unless it appears or it is established that the amount is not claimed in good faith; that is, that it appears to a legal certainty the claim is really for less than the jurisdictional amount. *A.F.A. Tours, Inc. v. Whitchurch,* 937 F.2d 82, 87 (2nd Cir.1991); *Nationwide Mutual Insurance Co. v. Rowles By Rowles,* 818 F.Supp. 852, 854 (E.D.Pa.1993) both quoting *Horton v. Liberty Mutual Insurance Co.,* 367 U.S. 348, 353, 81 S.Ct. 1570, 1573, 6 L.Ed.2d 890 (1961) and *St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 289, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938). When determining whether the amount in controversy has been satisfied then, federal courts examine plaintiff's damage claims at the time that the action is commenced and the amount in controversy for jurisdictional purposes must be ascertained by the requests in the pleadings without consideration of success on the merits. *Zumerling v. Devine,* 769 F.2d 745, 748 (Fed.Cir.1985); *T.K. Hite Collision Repair, Inc. v. State Farm Mutual Automobile Insurance Co.,* 790 F.Supp. 254, 255 (D.Kan. 1992). Once that determination is made and the federal court is seized of jurisdiction, the court's power is not conditional on a later award of at least that amount. *Cromwell v. Equicor–Equitable HCA Corp.,* 944 F.2d 1272, 1278 (6th Cir.1991), *cert. dismissed,* —— U.S. ——, 113 S.Ct. 2, 120 L.Ed.2d 931 (1992); *Adolph Coors Co. v. Movement Against Racism,* 777 F.2d 1538, 1544 (11th Cir.1985).

■ Accordingly jurisdiction, once established, cannot be destroyed by a subsequent change of events such as may occur where a complaint is ultimately determined to not state a claim upon which relief can be granted, the bar of a statute of limitations is proven, the citizenship of a party changes so as to destroy diversity or a complaint is amended reducing the claim below the required jurisdictional amount. *See: Cromwell, Nationwide,* and *Hite,* all *supra; Apicella v. Valley Forge Military Academy & Junior College,* 630 F.Supp. 20, 24 (E.D.Pa. 1985). Finally, the amount in controversy is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated. *Angus v. Shiley, Inc.,* 989 F.2d 142, 146 (3rd Cir.1993).

■ Applying all of the preceding principles to the matter now before us and notwithstanding the assertions and conclusions of plaintiffs' counsel, we are unable to find to a legal certainty that the claims at issue here are worth less than the jurisdictional amount. Plaintiffs' motion to dismiss and transfer this matter to state court must therefore be denied.

■ Likewise, we are unable to find that at the time that the complaint and the subsequent demand for trial de novo were filed in this matter that they were not well-grounded in law and/or fact or that plaintiffs and their counsel failed to undertake a reasonable investigation into the facts of this case or the resultant damages allegedly suffered. *See, e.g.: Confederate Memorial Ass'n, Inc. v. Hines,* 995 F.2d 295, 300–301 (D.C.Cir.1993); *Aviation Constructors v. Federal Express Corp.,* 814 F.Supp. 710, 715–716 (N.D.Ill. 1993). Consequently, the defendants' motion for the imposition of sanctions under Fed. R.Civ.P. 11 is also denied.

An appropriate order is attached.

### *ORDER*

AND NOW, this 5th day of May, 1994, upon consideration of Plaintiffs' Motion to Dismiss and to Transfer Case to State Court and Defendants' Cross–Motion for Sanctions, it is hereby ORDERED that the said mo-

tions are DENIED for the reasons set forth in the preceding Memorandum.