**COCA–COLA BOTTLING OF EMPORIA, INC.,**
Plaintiff,

v.

**SOUTH BEACH BEVERAGE CO., INC., Defendant.**

No. 01–4055–JAR.

United States District Court, D. Kansas.

May 9, 2002.

Gary W. Davis, Sr., C. Robert Stell, Crowe & Dunlevy, Oklahoma City, OK, Thomas A. Krueger, Emporia, KS, for Plaintiff.

David E. Everson, Jr., Matthew J. Verschelden, Stinson, Mag & Fizzell, P.C., Steven M. McCartan, Lathrop & Gage L.C., Kansas City, MO, for Defendant.

## MEMORANDUM AND ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

ROBINSON, District Judge.

This matter comes before the Court on Plaintiff's Motion to Remand, filed June 12, 2001, pursuant to 28 U.S.C. § 1447(c). On April 26, 2001, plaintiff Coca–Cola Bottling of Emporia ("Coca–Cola") filed a petition in the District Court of Lyon County, Kansas seeking damages and injunctive relief for breach of contract and tortious interference with contract and with prospective business advantage by defendant South Beach Beverage Co, Inc. ("SoBe"). On May 14, 2001, SoBe removed the action to this Court. Because SoBe has failed its burden of proving that the amount in controversy exceeds $75,000, the Court finds that Coca–Cola's motion to remand should be granted.

## Facts

Coca–Cola is a Kansas corporation with its principal place of business in Kansas. SoBe is incorporated under the laws of Delaware and maintains its principal place of business in Connecticut. Coca–Cola asserts that on October 25, 2000, Coca–Cola and SoBe entered into a distributorship agreement whereby the parties agreed that Coca–Cola would purchase a minimum volume of SoBe's products. It is disputed whether this document constituted a contract between the parties, but it is the basis upon which this lawsuit arises. On February 22, 2001, SoBe sent notice to Plaintiff of its intent to "terminate its distributor agreement" with Coca–Cola on April 23, 2001.

Coca–Cola thereafter filed suit against SoBe in the District Court of Lyon County, Kansas for breach of contract and tortious interference with contract and with prospective business advantage. In its verified petition, Coca–Cola pled damages of $74,000 on the breach of contract claim; for the tortious interference claim, Coca–Cola did not plead a specific amount of damages, but pled that the damages would not exceed $75,000. Coca–Cola also prayed for injunctive relief.

On May 14, 2001, SoBe filed a Notice of Removal, in which it asserted that the damages for the breach of contract claim would exceed $74,000, the damages for the tortious interference claim would exceed $75,000, and that if an injunction was granted, SoBe's damages and attorney fees resulting from its complying with the injunction would satisfy the $75,000 amount in controversy requirement. Specifically, SoBe claimed that the breach of contract claim would exceed $75,000 because "the damages alleged by plaintiff are less than the profit plaintiff would make it if sold the minimum volume under said

contract." With regard to the tortious interference claim, SoBe stated that Coca–Cola "does not disclaim damages in excess of $75,000 ... and therefore Count II satisfies the amount in controversy requirement."

Finally, in the Notice of Removal, SoBe asserted that Coca–Cola's claims for breach of contract and tortious interference, when taken together, would exceed $75,000, and that in addition, Coca–Cola's attorney's fees would add to the aggregate and exceed $75,000. Neither Coca–Cola's complaint nor SoBe's Notice of Removal asserts any statutory basis for attorney fees, nor does SoBe's Notice of Removal estimate or calculate the amount of Coca–Cola's attorney's fees. SoBe provided no other underlying facts in its Notice of Removal in support of these assertions.

In SoBe's response to Coca–Cola's motion to remand, SoBe further stated that the minimum purchase volume totals 12,700 cases such that Coca–Cola's profit would have to exceed $75,000 because "[t]he profit per case that a distributor would be expected to make ... is greater than $5.91 per case ($75,000 divided by 12,700)." Yet, this assertion is not supported or clarified with any explanation of the pricing structure, nor any figures, facts or calculations of Coca–Cola's anticipated profit margin or the profit margins of similarly situated distributors, if any. SoBe also attached to its response the affidavit of Richard MacLean, Senior Vice President of Business Affairs of SoBe, stating that lost profits would be greater than $75,000. The affidavit includes no underlying data, facts, figures or calculations in support of this blanket statement.

## Standard for Removal

A civil action is removable only if a plaintiff could have originally brought the action in federal court.[1] The court is re-

1. 28 U.S.C. § 1441(a).

quired to remand "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction."[2] Because federal courts are courts of limited jurisdiction, the law imposes a presumption against federal jurisdiction,[3] and requires a court to deny its jurisdiction in all cases where such jurisdiction does not affirmatively appear in the record.[4] The burden is on the party requesting removal to demonstrate that the court has jurisdiction.[5] The court must resolve any doubts concerning removability in favor of remand.[6]

## Analysis

In the Notice of Removal, SoBe asserts that this Court has original diversity jurisdiction, which requires complete diversity between the parties and an amount in controversy in excess of $75,000.[7] There is no dispute that there is diversity of citizenship. Coca–Cola is a citizen of Kansas, and SoBe is a citizen of Delaware and Connecticut.[8]

■ In determining whether there is the requisite amount in controversy, the court considers the allegations in the complaint, and where not dispositive, the allegations in the notice of removal.[9] In its petition, Coca–Cola pled less than the $75,000 requisite amount in controversy. In its Notice of Removal, SoBe claims that Coca–Cola's claims for breach of contract, tortious interference and injunctive relief will exceed $75,000 separately, as well as in the aggregate, and that Coca–Cola's attorney fees will also cause the amount in controversy to exceed $75,000. But as movant, SoBe must do more than make conclusory allegations and assertions; it must set forth the underlying facts supporting its assertions concerning the amount in controversy.[10]

■ And, as the Tenth Circuit noted in *Laughlin v. Kmart Corp.*,[11] because jurisdiction is determined at the time of the notice of removal, the movant must meet its burden in the notice of removal, not in some later pleading. SoBe failed to meet its burden in the Notice of Removal. The conclusory allegations and assertions in its Notice of Removal were not supported by any underlying facts. The additional assertions and facts proffered in SoBe's later filed response to Coca–Cola's motion to remand are untimely; SoBe should have addressed the underlying facts and should have attached any supporting affidavits to its Notice of Removal.

Even if the Court considered the additional information proffered in SoBe's response to Coca–Cola's motion to remand, the Court would conclude that SoBe failed its burden of proving that the amount in

2. *Id.* § 1447(c).

3. *Frederick & Warinner v. Lundgren*, 962 F.Supp. 1580, 1582 (D.Kan.1997) (citing *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir.1974)).

4. *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982).

5. *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir.), *cert. denied* 516 U.S. 863, 116 S.Ct. 174, 133 L.Ed.2d 114 (1995).

6. *J.W. Petroleum, Inc. v. Lange*, 787 F.Supp. 975, 977 (D.Kan.1992).

7. 28 U.S.C. § 1332(a).

8. *See id.* § 1332(c)(1) (stating that a corporation is a citizen of the state where it is incorporated and the state where its principal place of business is located).

9. *Laughlin*, 50 F.3d at 873 (citing *Lonnquist v. J.C. Penney Co.*, 421 F.2d 597, 599 (10th Cir.1970)).

10. *Id.*

11. *Id.*

controversy exceeds $75,000. SoBe did not provide any facts, figures, data or calculations supporting the blanket assertions that Coca–Cola's minimum volume would result in profits exceeding $75,000, or that SoBe's costs of complying with the injunction would exceed $75,000.[12] Unlike the affiant in the case cited by SoBe, *Paradise Distributors, Inc. v. Evansville Brewing Co., Inc.*,[13] SoBe's affiant, Richard MacLean, failed to support his blanket statement about lost profits with any underlying data, facts, figures or calculations. And, although it is plausible that the aggregated damages and attorney fees might exceed $75,000, SoBe failed to show that the damages on Counts I and II of the petition would be separate items of damage, or that Coca–Cola would be entitled to statutory attorney fees. The attorney's fees may only be used as part of the calculation where the plaintiff has a right to them because it has claimed them under an applicable statute in its complaint.[14]

 SoBe contends that it need only show by a preponderance of the evidence that the amount in controversy will exceed $75,000. The Court disagrees. Because Coca–Cola specifically pled an amount under the $75,000 threshold, SoBe's burden of proof must be higher than the preponderance of evidence standard.

Courts are split on this issue of the appropriate burden of proof for removal of a state court action in which the plaintiff specifically pled less than the requisite amount in controversy for original diversity jurisdiction in federal court.[15] One line of cases, including decisions by the Eleventh and Eighth Circuits, requires that the defendant seeking removal prove to a "legal certainty" that the amount in controversy is actually more than $75,000.[16] These courts honor the presumption against removal and give deference to the plaintiff's power to choose its forum, confident that counsel's duty of candor to the tribunal will ordinarily mean that plaintiff pleads the amount in controversy in good faith. As the Eleventh Circuit noted in *Burns*,

> Defendant's right to remove and plaintiff's right to choose his forum are not on equal footing ... removal statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand,[17]

and further,

> [A] plaintiff's claim, when it is specific and in a pleading signed by a lawyer, deserves deference and a presumption of truth.[18]

Thus, in order to overcome this presumption and show bad faith, the defendant

---

**12.** *See Justice v. Atchison, Topeka and Santa Fe Ry. Co.,* 927 F.2d 503, 505 (10th Cir.1991) (stating that the court may take into account the cost of compliance with an injunction as part of the amount in controversy in deciding if removal is proper).

**13.** 906 F.Supp. 619 (N.D.Okla.1995).

**14.** *Miera v. Dairyland Ins. Co.,* 143 F.3d 1337, 1340 (10th Cir.1998) (citing *Missouri State Life Ins. Co. v. Jones,* 290 U.S. 199, 202, 54 S.Ct. 133, 78 L.Ed. 267 (1933)).

**15.** The Tenth Circuit has not decided such a case.

**16.** *Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1095 (11th Cir.1994); *Crenshaw v. Great Central Ins. Co.,* 482 F.2d 1255, 1257 (8th Cir. 1973); *See also, Gramc v. Millar Elevator Co./Schindler Enterprises,* 3 F.Supp.2d 1082, 1083–84 (E.D.Mo.1998)(citing *Corlew v. Denny's Restaurant, Inc.,* 983 F.Supp. 878, 879 (E.D.Mo.1997)).

**17.** *Burns,* 31 F.3d at 1095 (citations omitted).

**18.** *Id.*

must bear this "heavy burden of persuasion."[19]

Other courts, recognizing that such a heavy burden might result in the cumbersome process of a mini-trial on the amount in controversy, have opted for lesser burdens of proof. The Sixth Circuit, in *Gafford v. General Elec. Co.*,[20] requires the defendant to prove the amount in controversy to a "reasonable certainty." Other courts have adopted the "clear and convincing standard."[21]

Still other courts have used the "preponderance of evidence" standard. This is the standard typically used when the plaintiff did not expressly plead an amount of damages in its state court action.[22] But, in cases such as the one at bar, where plaintiff has expressly pled an amount of damages that is lower than the $75,000 threshold, this Court concludes that defendant should be held to a higher burden than a preponderance of evidence.

In *De Aguilar v. Boeing Co.*,[23] the Fifth Circuit adopted the preponderance of evidence standard to a procedurally analogous case. There, the survivors of persons killed in a plane crash filed a wrongful death action in state court stating their damages were less than $75,000. The court, apparently concerned that the plaintiffs might be engaging in manipulative and "creative" pleading in bad faith, held that in an action for removal where the plaintiff has pled damages less than the $75,000 amount in controversy required for diversity jurisdiction, the defendant need only prove by a preponderance of the evidence that the amount in controversy is actually more than $75,000.[24] The plaintiff then has the opportunity to show that it is "legally certain" that its recovery will not exceed the amount stated in the original complaint.[25] This Court disagrees with the Fifth Circuit's relatively light burden on the defendant and heavy burden on the plaintiff with respect to the amount in controversy. This standard ignores the presumption against removal and the limited jurisdiction of federal courts, and seems to be driven by the unique facts in that case.

■ This Court adopts the "reasonable certainty" standard used by the Sixth Circuit in *Gafford v. General Elec. Co.*[26] as a standard that appropriately considers the presumption against removal[27] and the plaintiff's greater right to choose a forum, while providing defendant a reasonable chance to prove that the amount in controversy exceeds $75,000, without burdening the parties and court with a mini-trial on the issue. Analyzing SoBe's submission in its Notice of Removal, it is clear that SoBe has failed to show by either a reasonable certainty or by a preponderance of evidence, that the amount in controversy will exceed $75,000. Even if SoBe's later sub-

19. *Id.* at 1096.

20. 997 F.2d 150, 157–58 (6th Cir.1993).

21. *See, e.g., Watterson v. GMRI, Inc.,* 14 F.Supp.2d 844, 849 (S.D.W.Va.1997).

22. *See, e.g., Martin v. Franklin Capital Corp.,* 251 F.3d 1284, 1290 (10th Cir.2001).

23. 47 F.3d 1404, 1411 (5th Cir.1995).

24. *Id.* at 1411–12. The court speculated that the plaintiff could meet this burden if its complaint stated that a particular state statute prohibited recovery above that stated in the complaint and prohibited amendment of the initial ad damnum clause.

25. *Id.* at 1412.

26. 997 F.2d at 157–58.

27. As the Fourth Circuit aptly noted in *Mulcahey v. Columbia Organic Chemicals Co., Inc.,* 29 F.3d 148, 151 (4th Cir.1994), "[b]ecause removal jurisdiction raises significant federalism concerns, [courts] must strictly construe removal jurisdiction."

mission of additional facts were appropriate, the conclusory and unsupported statements in its response and affidavit are also insufficient under either the reasonable certainty or preponderance of evidence standard.

IT IS THEREFORE ORDERED that Plaintiff's Motion To Remand is GRANTED.

IT IS FURTHER ORDERED that Coca–Cola submit a Bill of Costs in support of its request that the Court grant costs and actual expenses, including attorney's fees per 28 U.S.C. § 1447(c).

IT IS SO ORDERED.