**J & H ENTERPRISES Plaintiffs**

v.

**HOWARD JOHNSON INTERNATIONAL, INC. Defendants**

**No. CIV.04–2174.**

United States District Court, W.D. Arkansas, Ft. Smith Division.

Sept. 22, 2004.

Jerry L. Canfield, Fort Smith, AR, for Plaintiff.

Roger D. Rowe, Grant E. Fortson, Little Rock, AR, for Defendant.

### ORDER

DAWSON, District Judge.

Currently before the Court is Plaintiff's Motion to Remand. (Doc. 7.) In its complaint, Plaintiff alleged damages of less than $75,000. (Doc. 1, Ex. A.) Defendant subsequently removed the case on July 22, 2004 pursuant to 28 U.S.C. § 1441. (Doc. 1.) For the reasons that follow, Plaintiff's motion is DENIED.

A defendant may remove a case to federal court under 28 U.S.C. § 1441 if the court originally had jurisdiction pursuant to 28 U.S.C. § 1332. *See* 14 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure, § 3752 (2d ed.1985). Section 1332 requires diversity of citizenship and an amount in controversy exceeding $75,000 exclusive of interest and costs. *See* 28 U.S.C. § 1332 (2004). Plaintiff contends removal was improper because the amount in controversy does not exceed $75,000. (Doc. 7.)

In the License Agreement attached to the Complaint, the parties acknowledged that in the event Plaintiff's facility were open less than twenty-four months at the time of breach, liquidated damages would be calculated by utilizing a set formula. (Doc. 1, Ex. A, License Agrmnt. ¶ 12.1.) This amount would be in addition to Plaintiff's request for attorney's fees as also provided for in the License Agreement. (Doc. 1, Ex. A, License Agrmnt. ¶ 17.4.) Such fees are capable of inclusion in the amount in controversy for the sake of determining federal diversity jurisdiction. *See Springstead v. Crawfordsville State Bank*, 231 U.S. 541, 34 S.Ct. 195, 58 L.Ed. 354 (1913); *see also Perma Glass Corp. v. Sasak Corp.*, 718 F.Supp. 742 (E.D.Mo.1989).

An attorney's fee in addition to the liquidated damages sought by Plaintiff would amount to more than $75,000, and Plaintiff's motion to remand to state court is therefore DENIED.

In addition, the Defendant has filed a Motion for Summary Judgment, and Plaintiffs are requested to file any response by October 6, 2004.