**FREEBIRD, INC., on behalf of itself and all others similarly situated, Plaintiff,**

v.

**MERIT ENERGY CO., (including predecessors and successors), Defendant.**

**No. 08–1305 WEB.**

United States District Court, D. Kansas.

Jan. 29, 2009.

Barbara C. Frankland, Rex A. Sharp, Gunderson Sharp & Walke, LLP, Prairie Village, KS, David E. Sharp, Gunderson Sharp & Walke, LLP, Houston, TX, for Plaintiff.

David W. Nickel, Depew Gillen Rathbun & McInteer, LC, Wichita, KS, Karl F. Hirsch, Mullins, Hirsch & Jones, Oklahoma City, OK, for Defendant.

## MEMORANDUM AND ORDER

WESLEY E. BROWN, District Judge.

This action was originally filed by Plaintiff Freebird, Inc., on behalf of itself and all other royalty owners similarly situated in the District Court of Seward County, Kansas, as Case No. 08–cv–116. The defendant, Merit Energy Co., filed Notice of Removal to U.S. District Court, alleging that removal is proper because this court has original jurisdiction over the individual Plaintiff's claims under 28 U.S.C. § 1332(a), where the amount in controversy exceeds $75,000, and jurisdiction over the class claims under 28 U.S.C. § 1332(d), where the amount in controversy exceeds $5,000,000. The matter is now before the court on the Plaintiff's motion to remand the action to state court. The court has reviewed the briefs relating to the motion and concludes that oral argument would not assist in deciding the issues presented. For the reasons stated herein, the court finds that the Plaintiff's Motion to Remand (Doc. 11) should be granted.

## FACTS

1. On September 10, 2008, Plaintiff, on behalf of itself and others similarly situated filed this action in the District Court of Seward County, Kansas, as Case No. 08–cv–116.

2. The Plaintiff, Freebird Inc., is a Washington corporation and a royalty owner of Merit operated wells in Kansas. *See,* Complaint ¶ 1.

3. Defendant Merit Energy Co. is a citizen of either Delaware, its state of incorporation, or Texas, its principal place of business. *Id.* ¶ 2.

4. The Class Action Petition alleges that "[i]ndividually, Plaintiff does not seek or claim any right to recover in excess of $75,000. Class-wide, Plaintiff does not seek or claim in excess of $5 million, exclusive of interest and costs." See, Class Action Petition ¶ 5 (Doc. 1–2, ¶ 5).

5. Plaintiff makes no claim under federal law. *Id.* ¶ 5.

6. Plaintiff served Defendant with its Class Action Petition on September 15, 2008.

7. On October 13, 2008, Defendant Merit Energy Company filed its Notice of Removal in this Court alleging this Court's jurisdiction over the individual Plaintiff's claims under *28 U.S.C. § 1332(a)* and jurisdiction over the class claims under *28 U.S.C. § 1332(d).* See, Notice of Removal (Doc. 1).

## SUMMARY OF ARGUMENTS

Defendant cites *McPhail v. Deere & Co.*, 529 F.3d 947 (10th Cir.2008) as support for removal and argues that its burden is met by alleging facts in the Notice of Removal which, if proved by the preponderance of the evidence, give rise to the legal conclusion that the jurisdictional amount in controversy is met. Defendant submits an Affidavit in support of the potential ways in which the jurisdictional limit could be met.

Plaintiff argues that the Class Action Petition specifically asserts that the amount in controversy for Plaintiff's individual claims does not exceed $75,000. Further, Plaintiff argues that since the Class Action Petition specifies that class-wide Plaintiff does not seek or claim in excess of $5,000,000, exclusive of interest and costs, the jurisdictional amount could not be met. Plaintiff asserts that while the total amount of royalties may be greater than the jurisdictional limit, the amount of royalties *not paid* is actually the amount in controversy—not the total amount of royalties. Finally, Plaintiff seeks no injunctive relief or damages after the period requested.

## RULE OF LAW

 Federal courts are courts of limited jurisdiction with specific jurisdictional requirements, thus parties seeking to bring their case in federal court must successfully allege that court's jurisdiction. *See generally,* 13 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure § 3522 (2d ed. 1984 & Supp.2008). Parties cannot confer federal jurisdiction when it is lacking. *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 702, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982). If a "court lacks subject matter jurisdiction, all rulings are a nullity, lacking any force and effect." *Boeing Wichita Credit Union v. Wal–Mart Real Estate Business Trust,* 370 F.Supp.2d 1128, 1129 (D.Kan.2005). The amount in controversy is determined by the complaint, if dispositive. *Laughlin v. Kmart Corp.,* 50 F.3d 871, 873 (10th Cir.) *cert denied,* 516 U.S. 863, 116 S.Ct. 174, 133 L.Ed.2d 114 (1995). "[R]emoval statutes are construed narrowly; where the plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Martin v. Franklin Capital Corp.,* 251 F.3d 1284, 1290–91 (10th Cir.2001). The removing party must meet its burden of establishing federal jurisdiction "in the notice of removal itself, not a later document." *Eatinger v. BP Am. Prod. Co.,* 524 F.Supp.2d 1342, 1345 (D.Kan.2007), *citing Laughlin v. Kmart Corp.,* 50 F.3d 871, 873 (10th Cir. 1995).

 Therefore, if a plaintiff files suit in state court and the defendant seeks to remove the case to federal court, the defendant "carries the burden of alleging in his notice of removal and, if challenged, demonstrating the court's jurisdiction over the matter." *Strawn v. AT & T Mobility LLC,* 530 F.3d 293, 297 (4th Cir.2008), *citing Ellenburg v. Spartan Motors Chassis, Inc.,* 519 F.3d 192, 200 (4th Cir.2008). If challenged, the defendant may be required to demonstrate the basis for federal jurisdiction.

In *Iowa Central Ry. Co. v. Bacon,* 236 U.S. 305, 35 S.Ct. 357, 59 L.Ed. 591 (1915), the plaintiff alleged he had incurred damages amounting to $10,000, but only requested a judgment of $1,990, which was $10 short of the amount in controversy requirement at the time. In addressing the subject matter jurisdictional issue, the Supreme Court held that "[t]he prayer for recovery was for $1,990, and consequently the amount required to give jurisdiction to the Federal court was not involved. The filing of the petition and bond did not,

therefore, effect a removal of the case." *Id.* at 310, 35 S.Ct. 357.

Then in *St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938), the Supreme Court again addressed the issue of removal holding, "[t]he rule governing dismissal for want of jurisdiction in cases brought in federal court is that, unless that law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith. If [plaintiff] does not desire to try his case in the federal court he may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove." *Id.* at 288–89, 58 S.Ct. 586. Essentially, the United States Supreme Court held that plaintiffs with a desire to stay in state court can choose to sue for less than the jurisdictional amount even if entitled to sue for more. *Id.* at 294, 58 S.Ct. 586. This Court has subsequently followed the *Red Cab* rule of law in *Porter v. Merck & Co., Inc.,* 2004 WL 3682055 at *2 (D.Kan.2004).

In cases where the plaintiff deliberately limits recovery in the complaint to not exceed the jurisdictional amount, the "defendant seeking removal must prove to a legal certainty that plaintiff can recover the jurisdictional amount." *Frederico v. Home Depot,* 507 F.3d 188 (3rd Cir.2007). In *Morgan v. Gay,* the plaintiff's complaint specifically limited the amount in controversy to less than the jurisdictional amount. 471 F.3d 469 (3rd Cir.2006). The court in *Morgan* held that "CAFA does not change the proposition that the plaintiff is the master of her own claim." 471 F.3d 469, 474, *citing, see, e.g., Brill v. Countrywide Home Loans, Inc.,* 427 F.3d 446, 449 (7th Cir.2005) (noting that "a removing defendant can't make the plaintiff's claim for him; as master of the case, the plaintiff may limit his claims (either sub-

stantive or financial) to keep the amount in controversy below the threshold.").

Note, however, that the defendant is not completely without recourse. There is a good faith requirement for the plaintiff's complaint which applies to the alleged amount in controversy. *See e.g. Red Cab,* 303 U.S. 283, 288, 58 S.Ct. 586. "Good faith in this context is entwined with the 'legal certainty' test, so that a defendant will be able to remove the case to federal court by 'show[ing] to a legal certainty that the amount in controversy exceeds the statutory minimum[.]' " *Morgan v. Gay,* 471 F.3d 469, 474 (3rd Cir.2006), *citing Samuel–Bassett v. KIA Motors Am., Inc.,* 357 F.3d 392 (3rd Cir.2004). Therefore, the amount in controversy is determined based on the plaintiff's allegations, unless the amount is not claimed in good faith. *See T.K. Hite Collision Repair, Inc. v. State Farm Mut. Auto. Ins. Co.,* 790 F.Supp. 254 (D.Kan.1992).

Although the Tenth Circuit has not specifically addressed the issue of the defendant's burden when a plaintiff expressly pleads damages amounting to less than the jurisdictional limit, other judges in this district have addressed the issue. *See e.g., Porter v. Merck & Co.,* No 04–2572, 2004 WL 3682055, at *2 (D.Kan. Dec. 28, 2004) (granting remand and noting that a defendant's burden where the plaintiff specifically pleads less that the jurisdictional amount is to establish the amount in controversy by a reasonable probability); *Firstar Bank, N.A. v. West–Anderson,* No. 02–2224, 2003 WL 21313849, at *5 n. 6 (D.Kan. Apr. 22, 2003) (granting remand citing the reasonable probability standard in *Coca–Cola Bottling of Emporia, Inc. v. South Beach Beverage Co.,* 198 F.Supp.2d 1280, 1285 (D.Kan.2002)); *Eatinger v. BP Am. Prod. Co.,* 524 F.Supp.2d 1342, 1347 (D.Kan.2007).

## DISCUSSION/ANALYSIS

The Defendants cite *McPhail v. Deere & Co.*, 529 F.3d 947 (10th Cir.2008), a recent Tenth Circuit case on the issue of removal. In *McPhail*, the court cites the rule in *Meridian Security Ins. Co. v. Sadowski*, 441 F.3d 536 (7th Cir.2006), which states as follows: "[w]hat the proponent of jurisdiction must 'prove' is contested factual assertions . . . [j]urisdiction itself is a legal conclusion, a consequence of facts rather than a provable 'fact'." *Meridian*, at 540–41. The court in *McPhail* recognized the removing defendant's burden to establish what the plaintiff stands to recover and cited *Meridian*'s list of ways in which this might be done—"by contentions, interrogatories or admissions in state court; by calculation from the complaint's allegations[;] by reference to the plaintiff's informal estimates or settlement demands[;] or by introducing evidence, in the form of affidavits from the defendant's employees or experts, about how much it would cost to satisfy the plaintiff's demands." *McPhail*, at 954, *citing Meridian*, at 541–42. Ultimately, the court in *McPhail* applied the *Meridian* rule "to the same situation . . . a removing defendant claiming diversity jurisdiction in the face of a silent complaint." *McPhail*, at 954.

It must first be noted that the reason the Tenth Circuit gave for applying the rule and analysis above was the presence of the "same situation." *Id.* That situation is not present in the current case. The Plaintiff in the case at hand expressly stated in the Complaint that the amount in controversy did not exceed $75,000 individually or $5,000,000 class-wide.

■ In this case, the Defendant's Notice of Removal was submitted in conjunction with a supporting affidavit of Chris Borden. As previously cited, the removing party must establish jurisdiction in the removing document, therefore, it is the Notice of Removal and supporting affidavit that must meet this test. The affidavit states upon review of the Defendant's records, the total revenue of the wells in question minus the amount of royalties paid are over the jurisdictional amount. The Defendant, who is in possession of the records of the disputed royalties, provides an affidavit which claims, in a total of three substantive paragraphs, one relevant point:

> My review of Merit's records show that Merit has paid Freebird, Inc. royalties from three wells located in Kansas, known as the Bedford 2, the Bedford 2–2 and the Bedford A–2. Merit's revenues from these wells during the time since Merit acquired an interest in them in December 2004, not counting amounts paid to royalty owners or working interest owners, are over $1.1 Million.

Affidavit of Chris Borden ¶ 3. Although the Defendant may be unable to predict the specific wells of interest for each plaintiff in a class action suit, as the keeper of the files, the Defendant *should have been able to*, at the very least, establish the way in which royalties are calculated. This would have been relevant information; hypothetical percentages are not. *See generally, Coca–Cola Bottling of Emporia, Inc. v. South Beach Beverage Co., Inc.*, 198 F.Supp.2d 1280 (D.Kan.2002) (holding that an affidavit including "no underlying data, facts, figures or calculations in support" of blanket statements was insufficient to satisfy the removing defendant's burden of proving the amount in controversy).

The affidavit goes on to state two other irrelevant numbers: (1) the Defendant's revenues from its entire Kansas production since July 2005 (not counting royalties paid), and (2) the Defendant's total royalty payments from Kansas production since October 2003. The first fact is irrelevant because the Plaintiff is not seeking royalties from the Defendant's entire Kansas

production—only to those wells in which they have an interest. Even if the Plaintiff sought to recover royalties from the Defendant's entire Kansas production, without some explanation of the way in which royalties are calculated, the total production revenue figure is useless. The second irrelevant number is the total dollar figure for royalty payments made from all Kansas production. As the Plaintiff correctly notes, the jurisdictional amount must be met by the amount *in controversy*. By the Plaintiff's own admission, the demand in the complaint is for "an accounting and recovery for royalty owners to recover what they were *not paid* but should have been." Plaintiff's Brief in Support of Remand to State Court, p. 2. Therefore, the amount of royalty payments that the Defendants *have* made is irrelevant to the calculation of the amount in controversy.

Essentially, the Defendant has only provided total amounts—not the formulas used to calculate royalties, not a calculation from the complaint's allegations—only one affidavit with conclusory remarks regarding total revenue and amounts paid. Regardless of what standard this Court were to apply—preponderance of the evidence, reasonable probability, reasonable certainty, legal certainty—the Defendant has failed to meet it. Figures of total revenue absent percentages or an explanation of the calculation of royalties are insufficient to establish the jurisdictional amount in controversy as to unpaid royalties.

## CONCLUSION

Federal jurisdiction is not proper, and for the reasons stated above Plaintiff's Motion to Remand (Doc. 11) is GRANTED. The case is remanded to the District Court of Seward County, Kansas for further proceedings. The clerk is directed to send a certified copy of this order to the clerk of the state court.